**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TAJ WILSON** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|       v. | ) Civil Action No. 05-2146 (JGP) |
| | ) |
| **WMATA** | ) |
| | ) |
|       **Defendant.** | ) |

**CIVIL LOCAL RULE 16.3 REPORT**

Pursuant to the United States District Court for the District of Columbia Local Rule 16.3, the parties, through counsel, hereby file this Joint Meet and Confer Report.

**I. STATEMENT OF THE CASE**

**Plaintiff:**

This is an employment discrimination matter arising under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981. Plaintiff, Taj Wilson, contends he was terminated from employment with Defendant as a result of his gender, male; and race, Black. Plaintiff can identify similarly-situated Police Officers for Defendant's Metro Transit Police Department whom were not terminated for similar alleged conduct.

**Defendant:**

The Plaintiff was discharged for valid, non-discriminatory reasons.

**II. TOPICS TO BE ADDRESSED UNDER RULE 16.3**

**2.**     **Whether there are any pending motions.**

    None at this time.

**3.**     **Whether the parties anticipate any amendments to their pleadings and the date on which the Court can expect any such amendment.**

At this time, it is difficult for parties to anticipate amendment of the pleadings prior to conducting discovery. The Defendant does not anticipate the need to amend pleadings.

**4. Whether the case can be assigned to a Magistrate Judge for all purposes including trial.**

The parties do not consent to referral of this case to a Magistrate [judge for trial] *at this time*.

**5. Whether there is a realistic possibility of settling the case.**

There is no realistic possibility of settlement at this time.

**6. Whether the case could benefit from the Court's ADR procedures or some other form of alternative dispute resolution, and if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.**

Plaintiff is prepared to participate in good faith discussions in ADR during discovery. Defendant does not believe that it would be beneficial to participate in ADR prior to some discovery.

**7. Whether the case can be resolved by summary judgment or a motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and whether a hearing is requested.**

The plaintiff does not believe this case can be resolved by a dispositive motion; the defendant believes this case can be resolved on a dispositive motion at the end of discovery. The parties propose that dispositive motions be filed thirty (30) days after the close of discovery, oppositions thereto be filed twenty-one (21) days thereafter, and reply brief be filed ten (10) days thereafter.

**8. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.**

The parties would request that the Court permit the parties to dispense with the initial

disclosures required by Rule 26(a)(1)©).

**9.    The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is necessary; and a date for completion of all discovery.**

The parties agree that each party should be limited to five (5) depositions and thirty (30) each of interrogatories *(including subparts)*, requests for production of documents and requests for admissions. The parties request 180 days to complete factual discovery.

**10.    Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties do not expect that expert testimony will be necessary in this case; however, the parties do reserve the right to call expert witnesses. Plaintiff agrees to name his experts and provide the expert report(s) within forty-five (45) days following the commencement of discovery, and the defendant agrees to name his experts and provide the expert report(s) thirty (30) days thereafter.

**11.    Procedures for class actions.**

This case is not a class action, so such procedures are inapplicable.

**12.    Whether the trial and/or discovery should be bifurcated or managed in phases.**

The parties do not believe that bifurcation is appropriate.

**13.    The date for the pretrial conference.**

The parties suggest that the Court set a scheduling conference at or near the end of discovery to set pre-trial and trial dates.

**14.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that a firm trial date be set at a scheduling conference at or near the

end of discovery or at the pretrial conference.

Respectfully submitted,

_____/s/_____                     _____/s/_____
NATHANIEL D. JOHNSON                              JEFFREY C. SEAMAN, D.C. Bar # 466509
Federal Bar #  14729 MD                           Assistant General Counsel
Law Firm of Nathaniel D. Johnson, LLC             WMATA-COUN
3195 Old Washington Road                          600 Fifth Street, N.W.
Waldorf, MD 20602                                 Washington, D.C. 20001
301-645-9103                                      202 962-1856

Dated: June 6, 2006