IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAJ WILSON<br><br>    Plaintiff,<br><br>    v.<br><br>WMATA<br><br>    Defendant. | CIVIL NO: 1:05-CV-2147 (JGP) |

### STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** by and between the parties through their counsel of record that:

1. Parties are entering into a Stipulated Protective Order (the "Protective Order") which shall govern the designation and handling of confidential personnel information.

2. Defendant will produce personnel information of its current and former employees in response to Plaintiff's discovery requests. Defendant will stamp the documents "CONFIDENTIAL.

3. Material stamped "CONFIDENTIAL" filed with the Court for any purpose shall be filed in a sealed envelope or other container, marked on the outside with the caption of this action and the following statement: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." If any person fails to file protected documents or information under seal, the producing person may request that the Court place the filing under seal.

4. The sealed envelope or other container containing the confidential material shall not be opened except for in camera inspection or pursuant to a Court order or the parties' stipulation. Subject to the Court's convenience and needs, the envelope or other container shall be kept under seal by the clerk until further Court order.

5. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all material designated "CONFIDENTIAL" shall be treated as confidential and shall not be disclosed except under the terms of this Protective Order.

(a) In the event that any party objects to the designation of any document as "CONFIDENTIAL" such party may, in writing, request the designating person to remove the confidential designation. Such written request shall specifically identify the document at issue.

(b) The designating person, by its counsel, shall respond in writing within ten (10) business days of receipt of the written request, or within such other period of time as may be designated by the Court or the parties' agreement. If the designating person refuses to remove the confidential designation, its written response shall state the reasons for this refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

6. All confidential information shall be controlled and maintained in a manner that precludes access by any person not entitled to access under this Protective order and shall be disclosed only to persons described in paragraph 7 below in connection with this litigation only, unless and until any party shows a need for the documents in related or subsequent litigation against the parties named in this action and either this Court or the court in the related or subsequent litigation enters an appropriate order for modification of this Protective Order.

7. Confidential material may be delivered, exhibited or disclosed to counsel representing the named parties in this case, to counsel representing any insurer or indemnitor of any defendant, and to any support staff assisting such counsel in the prosecution or defense of this litigation (collectively referred to as a party's "legal team"). Counsel who receives any confidential material shall be bound by this Protective Order and be responsible for (1) informing other members of his or her legal team of their obligations under this Protective Order and (2) assuring that access to the confidential material is limited in accordance with this Protective Order.

8. Confidential material may also be delivered, exhibited or disclosed below, to the following persons in addition to a party's legal team:

(a) Any expert or consultant interviewed for retention and/or retained by counsel to assist in the preparation of this case or to testify at trial or any other proceeding in this action

(b) Any person testifying at a deposition, hearing or trial of this action

(c) Any person who authored or previously received the material

(d) Any court reporter employed in this litigation in that capacity

(e) The Court

9. This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Protective Order by Court order for good cause shown or by the parties' stipulation.

10. At the conclusion of this action, including any appeals, all materials designated as confidential and all copies, extracts, summaries or notes thereof shall be returned to plaintiff's counsel.

11. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then the disclosing person(s) shall promptly (a) identify the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because disclosed to a person not authorized to receive it under this Protective order.

12. This Protective Order may be executed in counterparts.

Dated: 8-7-06 Signed: _____
Nathaniel D. Johnson, Plaintiff's Counsel

Dated: 7/28/06 Signed: _____
Jeffrey Seaman, Defendant's Counsel

IT IS SO ORDERED.


Dated: _____ _____
Honorable, John G. Penn, U.S. DISTRICT JUDGE