IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAJ WILSON

    Plaintiff,

vs.                            CIVIL No: 05-2146  (JGP)

WMATA

    Defendant.

**PLAINTIFF'S**
**MOTION TO COMPEL DISCOVERY**

**NOW COMES** Taj Wilson, Plaintiff, by undersigned counsel and moves this Court for an Order compelling Defendant to supplement its discovery and for sanctions and costs in the above-captioned matter. In support of this motion, Plaintiff states herein as follows:

1. Plaintiff initiated this civil action on November 2, 2005;

2. Discovery is currently scheduled to conclude May 23, 2007;

3. On or about June 22, 2006, Plaintiff propounded discovery to Defendant that included both Interrogatories and Production of Document Requests;

4. On July 28, 2006, Defendant partially responded to Plaintiff's discovery since it did not provide requested personnel information of employees similarly-situated to Plaintiff;

5. On November 5, 2006, Plaintiff filed an unopposed motion to enlarge discovery to permit Defendant sufficient opportunity to supplement its discovery;

6. On December 19, 2006, this Court granted Plaintiff's unopposed motion for enlargement (Dkt. No. 19);

7. On December 21, 2006, undersigned received partial discovery to Plaintiff's discovery requests;

8. On January 23, 2007, undersigned determined that the late document response did not include requested and relevant information necessary to compare Plaintiff to similarly-situated Metro Officers;

10. On January 23, 2007, undersigned forwarded Defendant a letter identifying the inadequacies in its discovery;

11. The letter also requested a conference call on January 29th to discuss Defendant's late and inadequate discovery responses (Id.);

12. On January 26, 2007, Plaintiff contacted Defendant and inquired about the status of the telephone conference ;

13. On January 31, 2007, Plaintiff filed his motion to compel discovery against Defendant.

14. On February 8, 2007, Defendant represented that it would supplement Plaintiff's discovery requests if it was permitted additional time. Accordingly, and based upon Defendant's representation, Plaintiff withdrew his motion to compel discovery and Defendant consented to an enlargement of discovery.

15. Defendant has not supplemented its discovery.

## ARGUMENT

Federal Rules of Civil Procedure Rule 37(a)(4)(A), entitles a party to sanctions and costs for failure to cooperate in discovery. Plaintiff's efforts to move this litigation forward with discovery are being frustrated by the actions of the Defendant and warrant sanctions and costs. (See Green v. District of Columbia 134 F.R.D. 1 D.D.C.,1991.) Plaintiff initially propounded

discovery upon Defendant more than ten (10) months ago, and this Court granted Plaintiff's enlargements of time to allow Defendant sufficient opportunity to produce its responses. Defendant has failed to produce responsive discovery.

## CONCLUSION

To date, Defendant has produced inadequate discovery responses to Plaintiff's discovery and failed to conference undersigned on the matter.   Plaintiff has exhausted his efforts to resolve this matter before bringing this motion to the Court.   Plaintiff will be significantly prejudiced by Defendant's failure to cooperate with discovery unless requested relief is granted.

For these reasons, Plaintiff asks that this Court grant his motion for an Order compelling Defendant to supplement its discovery and award sanctions and costs.

Respectfully requests a hearing on this matter:

_____/s/_____
Nathaniel D. Johnson (MD#14729)
Richard L. Thompson (MD#15980)
3475 Leonardtown Road #200
Waldorf, Maryland 20602
301 645-9103

Dated: April 12, 2007

### Certificate of Service

I, Nathaniel D. Johnson, certify that I forwarded the foregoing motion and Order to the addressee via ECF:

Jeffrey Seaman, Associated Counsel
for Defendant, WMATA

_____/s/_____
Nathaniel D. Johnson