# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAJ WILSON, | |
| Plaintiff | Civil Action 05-2146 (JGP) |
| v. | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | |
| Defendant. | |

## OPPOSITION TO MOTION TO COMPEL

Comes now the Defendant, by and through the undersigned counsel, and opposes the Motion to Compel filed by the Plaintiff, for the reasons set forth in the accompanying Memorandum. The Defendant has produced to the Plaintiff thousands of pages of documents concerning discipline of various officers of the Metro Transit Police. The Motion, in which it is alleged that the Defendant "has not supplemented its discovery" is inaccurate and, with all due respect, misleading. Please see the following Memorandum.

Respectfully Submitted,

Jeffrey C. Seaman #466509
Assistant General Counsel, WMATA
600 5th St., N.W.
Washington, D.C. 20001
(202) 962-1856
jcseaman@wmata.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAJ WILSON, <br><br> Plaintiff <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> Defendant. | Civil Action 05-2146 (JGP) |

**MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL**

This is a Title VII action arising from the discharge of the Plaintiff, a former Metro Transit Police Officer, from the employ of WMATA. The discovery issues in this case, therefore, concern the disciplinary histories of those persons whom the Plaintiff considers to be "similarly situated." The Defendant has actually made substantial efforts and has been cooperative with the Plaintiff in his quest for documents and information, when provided with sufficient guidance about what the Plaintiff seeks. The Defendant has not refused to produce any document since the parties entered into a Stipulated Protective Order. Moreover, the Plaintiff does not show that the Defendant has failed to produce any document. Thus a motion under Rule 37 in inappropriate and unjustified.

The Plaintiff's memorandum in support of the motion to compel omits significant details, and inaccurately portrays WMATA as recalcitrant. In fact, WMATA has provided the Plaintiff with nearly 2,500 pages of memoranda,

interview transcripts, written statements, test results, disciplinary records and reports pertaining to persons whom the Plaintiff apparently considers to be "similarly situated" in this Title VII action.  Plaintiff's Motion could leave the Court with the impression that Plaintiff has been attempting to extract information from the Defendant since last summer without response from the Defendant.  In fact, the parties have conferred frequently since the original discovery requests were made, and WMATA has provided a great deal of documentation to the Plaintiff over the months on several occasions, in response to specific requests from the Plaintiff.

It is significant to note that WMATA timely provided answers and responses to the Plaintiff's interrogatories and requests for production of documents in July, 2006. Plaintiff expressed displeasure with the scope of the responses, seeking detailed disciplinary information about particular employees of WMATA.  Counsel conferred about and then entered into a protective order, which this Court entered in August, 2006.  Defendant accordingly supplemented its discovery responses in December, 2006 with approximately 500 pages of documents from the disciplinary files of the individuals identified by the Plaintiff as comparators.  Plaintiff then issued a letter in January 2007 requesting additional information about 5 of the "comparators."  In response to the letter, the undersigned contacted counsel for clarification.  Counsel conferred, and Plaintiff's counsel indicated more specifically what he sought.  WMATA supplied what it considered to be that

additional information in February 2007, with the exception of some audiotapes of investigative interviews, which had yet to be identified and copied. Counsel for the Plaintiff indicated that he wanted more information, specifically about the arbitration over the discharge of another Metro Transit officer. Then, on April 10, 2007, WMATA provided another 900 pages of documents, pursuant to Plaintiff's request for transcripts pertaining to a labor arbitration arising from the discharge of that officer (which occurred after the Plaintiff was discharged). The Defendant also produced at that time audiotapes that had been requested, and some additional documentation that the undersigned discovered about past discipline of one of the officers identified as a "similarly situated" person.

　　　Now the Plaintiff is of the belief that he is due yet additional documents. However, he has failed to fairly articulate the object of his quest. In other words, the Plaintiff has not shown that there exists a genuine dispute about discovery. Rather, he merely complains that WMATA has "not supplemented" its discovery responses which, as indicated above, could not be further from reality. A movant under Rule 37(a)(2)(B) is obligated to show that the non-movant has failed to respond to a discovery request. The Plaintiff has made no such showing, but has merely offered a conclusory statement that the Defendant has "not supplemented its discovery." This conclusory statement is an illustrative example of the difficulty the parties have had throughout this discovery process. The Plaintiff needs to provide

some guidance about what he believes he should but does not yet have.

It is the position of the Defendant that, but for some audiotapes of investigative interviews concerning investigations of two particular officers, all that has been requested has been produced.[1]  The undersigned admits the oversight of the aforementioned audiotapes (if same exist and are in possession of the Defendant).  The undersigned will provide the Plaintiff with copies of the tapes, under the standing protective order, or an affirmative statement that such tapes are not in the possession of the Defendant.

In light of the copious amounts of documents provided to the Plaintiff, the responsiveness to Plaintiff's specific requests, and the lack of specificity offered in the Motion to Compel, the Defendant requests that the Motion be denied.

Respectfully Submitted,

\_\_\_\_\_/s/_____
Jeffrey C. Seaman #466509
Asst. General Counsel
WMATA - 600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1856

---

[1] It should be noted, however, that the documents produced to the Plaintiff contain written the officers' written statements and the investigative memoranda pertaining to the officers, with investigators' summaries of the recorded statements.