UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAJ WILSON, | ) |
|       Plaintiff, | ) |
|       v. | ) Civil Action No. 05-2146 (JGP) |
| WMATA, | ) |
|       Defendant. | ) |

**ORDER**

This matter is before the Court on **Plaintiff's Motion To Compel Discovery** [25]. Plaintiff "moves this Court for an order compelling Defendant to supplement its discovery and for sanctions and costs" pursuant to Federal Rule of Civil Procedure 37(a)(4)(A). Plt.'s Mot. To Compel at 1. Plaintiff claims, generally, that the WMATA "has produced inadequate discovery responses to [his] discovery [requests]." *Id*. at 3. More specifically, Plaintiff asserts that he "forwarded Defendant a letter identifying the inadequacies in its discovery," and that the WMATA failed to supply the requested information. *Id*. at 2. Plaintiff attached a copy of this correspondence to his reply brief. He also attached several documents that he did receive to illustrate the nature of redactions made by the WMATA.

Plaintiff's motion to compel production must be denied because the Court cannot determine what specific documents he is seeking to have produced. While Plaintiff asserts that the WMATA has produced "inadequate discovery responses," this statement is too generic to help the Court understand what documents have been omitted. He never spells out what documents (or categories of documents) have been withheld, or what document requests have gone unanswered. Nor does Plaintiff explain what documents have been redacted, or the extent of the redactions. Reading Plaintiff's motion in isolation, it would appear as though the WMATA has completely ignored his

repeated document requests and is, in essence, recalcitrant. But this is not the case. The WMATA has produced nearly 2500 total pages of documents in response to Plaintiff's requests for documents, including "memoranda, interview transcripts, written statements, test results, disciplinary records and reports pertaining to . . . [other] similarly situated" [persons]." Def.'s Opp'n at 1-2. Indeed, the WMATA produced a set of documents in February 2007 in response to his January letter. The WMATA then produced another 900 pages of documents in April 2007, which pertained to a labor arbitration, at Plaintiff's request. It also produced several audiotapes that he had requested.[1] In fact, the WMATA notes that it has not "refused to produce any documents" since the parties entered into a protective order. Given the WMATA's recent productions, it is not clear what items from Plaintiff's January letter, if any, remain outstanding.

There may be documents that the WMATA has improperly failed to produce, but the Court cannot tell, from the face of Plaintiff's motion or his exhibits, what these documents are or what documents he is seeking to obtain by means of this motion to compel. Plaintiff has not, in short, articulated the materials that are in dispute. Without knowing what documents he is seeking, the Court does not know whether the material is even relevant to this case. A more detailed description of the missing material, including documents that have been redacted or produced in summary form, would assist the Court in understanding the scope of Plaintiff's motion.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion [25] is **DENIED WITHOUT PREJUDICE**; and it is further

---

[1] The WMATA asserts that with the exception of several "audiotapes of investigative interviews concerning investigations of two particular officers," it has produced all requested information. Def.'s Opp'n at 4. It has stated that it will provide copies of the tapes to the Plaintiff or certify that the tapes are not in its possession.

2

**ORDERED** that Plaintiff may, prior to the close of discovery, renew his motion to compel. Should he choose to do so, Plaintiff shall identify the specific documents that he is seeking to obtain.

**SO ORDERED.**

**DATE: May 11, 2007**                                                                 **JOHN GARRETT PENN**
                                                                                       **United States District Judge**