IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAJ WILSON, <br><br> Plaintiff <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> Defendant. | Civil No. 05-2146 (JGP) |

**AMENDED MEMORANDUM IN OPPOSITION
TO MOTION TO AMEND COMPLAINT**

On April 8, 2005, Taj Wilson filed a charge with the Equal Employment Opportunity Commission (EEOC). Mr. Wilson charged that he was subjected to racial discrimination when he was discharged by Washington Metropolitan Area Transit Authority ("WMATA") in November, 2004. See Exhibit A, EEOC charge by Mr. Wilson.

Now, two years after his charge to the EEOC, and a year and a half after filing this action, Mr. Wilson seeks to amend his Complaint. He seeks to add a count for "hostile work environment" (Proposed Amended Complaint, Count III). However, in his April 2005 charge to the EEOC, Mr. Wilson made no reference to any acts by WMATA that could reasonably be interpreted to amount to the bases of a hostile work environment claim. Mr. Wilson's EEOC charge clearly arises from and is limited to his discharge, which, he says, was motivated by racial discrimination.

The Defendant is cognizant of the liberality with which courts consider motions to amend the complaint. Fed. R. Civ. P. 15(a). However, there are limits to the courts' discretion. One such limit is the futility of the proposed amendment. That is, if the claim that the plaintiff seeks to add is futile, then the motion to amend should not be granted. Foman v. Davis, 371 U.S. 178, 182 (1962); Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

It is well-established that, prior to bringing a claim under Title VII in the district court, a plaintiff must first have exhausted the administrative remedy available under 42 U.S.C. 2000e. A Title VII lawsuit is limited in scope to claims that are "like or reasonably related to the allegations of the (EEOC) charge and growing out of such allegations." Park v. Howard University, 71 F.3d 904 (D.C. Cir. 1995), cert. denied, 519 U.S. 811.[1] Specifically, Mr. Wilson must first have made a charge to the EEOC that he was subjected to a hostile work environment. He did not do so. Consequently, the Plaintiff may not bring such a claim in this Court.

The decision by the D.C. Circuit in Park instructs conclusively that any hostile work environment claim is time-barred. Park is factually very similar to the instant case. Park, an employee of Howard University, applied for an assistant dean position. She was not selected for the position; the University selected instead a white male. In her charge to the EEOC, Park claimed that,

---

[1] In Coleman-Adebeyo v. Leavitt, 326 F. Supp.2d 132 (D.D.C. 2004), the District Court questioned the continued authority of part of the holding in Park in light of National R.R. Corp. v. Morgan, 536 U.S. 101 (2002). 326 F. Supp.2d at 137. However, Park is still authoritative on the principle for which it is offered in this Opposition.

in being passed over for the position of assistant dean, she was subjected to discrimination based upon gender and national origin. 71 F.3d at 907 – 908.

Park filed a lawsuit in the U.S. District Court for the District of Columbia, alleging gender and national origin discrimination, stemming from the University's decision to hire a white male as assistant dean. A month later, she amended her complaint to include a hostile work environment claim. The District Court found in favor of Ms. Park on the hostile work environment claim, and the University appealed. The Circuit Court reversed, finding that Ms. Park had failed to exhaust her administrative remedies. The Court, examining the EEOC charge, noted that Ms. Park's charge "did not express or even hint at a . . . hostile work environment claim." 71 F.3d at 907. Nor did Mr. Wilson's EEOC charge. Just like Ms. Park's, the Plaintiff's charge was that a specific employment decision was based on discrimination.

The requirement of specificity in the EEOC charge is not a mere technicality. Id. Rather, it is a protection of the purpose and the integrity of the process created by Title VII. Id. Courts cannot allow liberal interpretation of an EEOC charge so as to bypass the purposes of the statute. Id.

Mr. Wilson's proposed new claim is futile, because it is time-barred. Accordingly, the Motion to Amend should be denied.

Respectfully Submitted,

_____/s/_____
Jeffrey C. Seaman , #466509
Assistant General Counsel
WMATA - COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1856
jcseaman@wmata.com