IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAJ WILSON                      :
                                :
    Plaintiff,               :
                                :
v.                              :   Civil Action No.  05-2146 (JGP)
                                :
WMATA                           :
                                :
    Defendant.               :
_____/

## PLAINTIFF'S REPLY TO INTRODUCE
## AN EXPERT & EXPERT REPORT

**NOW COMES** Plaintiff, Taj Wilson, by and through undersigned counsel, and files this reply to introduce an expert and expert report. In support of this reply, Plaintiff states herein as follows:

Throughout the course of this litigation, Defendant has delayed discovery almost to the extent of prejudice to Plaintiff. (The Court should take note of the fact that Plaintiff was required to file four enlargements to the discovery schedule and two motions to compel discovery.). Moreover, Defendant cancelled scheduled depositions on two separate occasions. Now, however, Defendant will have this Court to believe that it is concerned with the efficiency of the discovery schedule.

Defendant's witness, Captain Heilman, Internal Affairs Investigator (Ret.), testified on August 3rd, during depositions of on topics of past practices; internal affairs investigations and equity in disciplinary actions.  Further, Captain Heilman testified that Defendant utilizes a past practice data base in determining disciplinary actions.  This was the very first evidence of this particular subject matter. Plaintiff's request for an expert logically follows the subject matter testimony.  In the event Defendant timely made these witnesses available, Plaintiff's expert request would have been made within the time frame originally set forth by this Court. Defendant should not be permitted to first delay discovery and now limit Plaintiff's opportunity to fully examine facts that only recently made a part of the record.

Plaintiff contends that his race was considered in his termination and that Defendant's use of its past practice data base as a non-discriminatory explanation warrants the expertise of an outside internal affair's professional from a local law enforcement agency to review Defendant's investigative practices and disciplinary policies and assist the fact finder in the application of the information.

Whether expert opinion testimony is "otherwise admissible" depends, in part, on whether it will "assist the trier of fact" in either "understand[ing] the evidence or ... determin[ing] a fact in issue." See Fed.R.Evid. 702. Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect, and thus it is not "otherwise admissible." Plaintiff's expert does not intend to testify to the ultimate issue of racial discrimination, but to Defendant's misuse and subjective abuse of its investigative practices and disciplinary actions as applicable to Plaintiff comparative to similarly-situated Police Officers whom were given a proverbial pass for same or similar conduct.

Therefore, it is Plaintiff's intent that an expert will assist the Court in the comprehension of investigative practices and disciplinary actions as utilized by Defendant in this litigation.

For the foregoing reasons, Plaintiff respectfully asks that his requested relief is granted.

Respectfully submitted on behalf of Plaintiff:

Dated: September 4, 2007          Signed: _____/s/_____
                                  Nathaniel D. Johnson (Federal #14729 MD)
                                  Richard L. Thompson (Federal #15980 DC)
                                  3475 Leonardtown Road, Suite 200
                                  Waldorf, Maryland  20602
                                  301-645-9103
                                  301-861-0411 fax
                                  Attorney for Plaintiff

2

**Certificate of Service**

  I, Nathaniel D. Johnson, affirm under the penalty of perjury that on this date, September 4, 2007, the foregoing Reply was sent, via ECF, to the following addressee:

Jeffrey Seaman, Esq.
600 Fifth Street, N.W.
Washington, D.C. 20001

Attorney for Defendant

                _____/S/_____
                Nathaniel D. Johnson