IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TAJ WILSON**<br><br>Plaintiff,<br><br>v.<br><br>**WMATA**<br><br>Defendant. | Civil No.: 05-2146 (GK)<br><br>**JURY TRIAL REQUESTED** |

## SECOND AMENDED COMPLAINT

**NOW COMES** Plaintiff, Taj Wilson, pursuant to F.R.C.P. 15(a), by and through undersigned counsel, and files this Second Amended Complaint for damages as follows:

### JURISDICTION AND VENUE

a) 1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, hereinafter "Title VII;" and 42 U.S.C. § 1981, hereinafter "1981."

b) 2. This action properly lies in the District Court for the District of Columbia because this judicial district has personal jurisdiction over Defendant. This action is also in accordance with 28 U.S.C. 1331.

### PARTIES

3. Taj Wilson is a citizen of the United States and resides in the State of Maryland.

4. In accordance with Title VII, he is a member of protected classes based on his race, African-American and gender, fe-male;

5. ~~In accordance with 1981, he is a member of protected classes based on his race and color, Black.~~

6. Defendant, Washington Metropolitan Area Transportation Authority is an employer within the definition of Title VII.

## ADMINISTRATIVE PROCEDURES

7. Plaintiff timely filed formal charges of discrimination against the Defendant with the U.S. Equal Employment Opportunity Commission, Washington Field Office on April 8, 2005.

8. Plaintiff has since elected to withdraw his discrimination complaint from before the U.S. EEOC and pursue a remedy through this civil action.

9. Plaintiff therefore has satisfied all administrative and judicial prerequisites to the institution of this action.

## COUNT I
## DISPARATE TREATMENT BASED ON RACE AND COLOR
## IN VIOLATION OF TITLE VII ~~& 1981~~

10. Plaintiff re-alleges the allegations of Paragraphs 1 through 9, and incorporates them by reference herein.

11. Plaintiff is an African-American male and began employment as a Police Officer for Defendant's Metro Transit Police Department on January 14, 2002.

12. On November 12, 2004, Plaintiff was terminated from his employment with Defendant after allegedly providing so called false statements during the course of an internal investigation.

13. Plaintiff avers that other similarly-situated nonblack Police Officers ~~and~~ were not subject to the same terms and conditions of their employment for incidents or violations

of Defendant's policies, including, but not limited to, discipline, adverse actions, termination, and denied or not offered the option to forfeit annual leave in lieu of suspension.

14. Plaintiff avers that his race and color were factors in Defendant's decision to terminate his employment.

15. Plaintiff can raise an inference of discriminatory animus by offering evidence comparing himself to similarly situated individuals that were treated more favorably than he by Defendant.

16. As a direct result of Defendant's discriminatory practices, Plaintiff has sustained economic and non-economic damages.

## COUNT II

## DISPARATE TREATMENT BASED ON GENDER

## IN VIOLATION OF TITLE VII

17. Plaintiff re-alleges the allegations of Paragraphs 1 through 16, and incorporates them by reference herein.

18. On November 12, 2004, Plaintiff was terminated from his employment with Defendant after allegedly providing so called false statements during the course of an internal investigation.

19. Plaintiff avers that other similarly-situated Police Officers whom are females and were not subject to the same term and condition of their employment as Plaintiff for incidents or violations of Defendant's policies.

20. Plaintiff avers that his gender ~~were~~ **was a** factor~~s~~ in Defendant's decision to terminate

his employment.

21. Plaintiff can raise an inference of discriminatory animus by offering evidence comparing himself to similarly situated individuals that were treated more favorably than he by Defendant.

## COUNT III

## RACIALLY HOSTILE WORK ENVIRONMENT

## IN VIOLATION OF TITLE VII ~~1981~~

22. Plaintiff re-alleges the allegations of Paragraphs 1 through 21, and incorporates them by reference herein.

23. Plaintiff avers that during his employment with Defendant, he was often subjected to a racially hostile work environment.

24. While in training, a white Officer refused to touch Plaintiff during a drill without putting on gloves, even though he had no problem touching a white Officer.

25. Plaintiff reported the incident to his superiors but nothing was done.

26. Plaintiff avers that often during roll call, white Officers would refer to the predominantly African-American community of Anacostia, as "Animal Costia."

25. Plaintiff avers that a white Officer Steven Smith repeatedly made racial slurs to him, and would often refer to him and other black Officers as a black gang.

26. **Plaintiff avers that the Chief made the reference that, "people like him in the department do not change," which Plaintiff interpreted as a racially charged statement.**

27. Plaintiff avers that the above-referenced incidents were pervasive and severe.

4

28. As a direct result of Defendant's discriminatory practices, Plaintiff has sustained economic and non-economic damages.

## COUNT IV

## RETALIATION

29. **Plaintiff re-alleges the allegations of Paragraphs 1 through 28, and incorporates them by reference herein.**

30. **Plaintiff avers that he engaged in protected activity when he complained of discriminatory treatment while attending the academy.**

31. **Plaintiff states that he was the subject of intense scrutiny with respect to disciplinary actions and punishments.**

32. **Plaintiff avers that there is a casual connection between his protected activity and the adverse actions that he sustained, namely, unnecessary scrutiny and disciplinary actions.**

33. **As a direct result of Defendant's discriminatory practices, Plaintiff has sustained economic and non-economic damages.**

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court should grant him the following relief, namely:

(i). That this Court determine the employment practices complained of in this complaint are unlawful in that they violated Title VII ~~and 1981~~;

(ii). That Defendant be enjoined from continuing any and all discriminatory practices;

(iii). That Defendant pay Plaintiff a sum in excess of $300,000 for compensatory damages, backpay, interests, emotional distress;

(iv). That Defendant pay Plaintiff's costs and expenses and reasonable attorney's fees as provided in Title VII ~~and 1981~~ in connection with this action;

(v). That this Court grant other and such further relief to the Plaintiff as it deems just and proper.

Respectfully submitted on behalf of Plaintiff:

November 15, 2007    _____/s/_____
Nathaniel D. Johnson (Federal #14729 MD)
Richard L. Thompson (D.C. Bar# 448816)
LAW FIRM OF NATHANIEL D. JOHNSON
3195 Old Washington Road
Waldorf, Maryland   20602
301-645-9103
301-861-0411 fax

6