UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

TAJ WILSON,

    Plaintiff,

v.                                                                           Civil No:  05-2146

WMATA

    Defendant.

**PLAINTIFF'S FINAL SET OF
INTERROGATORIES TO DEFENDANT**

    Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Taj Wilson, through counsel, hereby propounds the following interrogatories, to be answered fully and separately in writing and under oath within thirty days of service, and returned to the Law Firm of Nathaniel D. Johnson, L.L.C., 3475 Leonardtown Road, Waldorf, Maryland 20602.

**DEFINITIONS**

    1.    "Plaintiff" refers to Taj Wilson.

    2.    "Defendant" refers to Washington Metropolitan Area Transit Authorities, hereinafter "WMATA" and each of its properties, facilities, affiliates, managers, divisions, subdivisions, predecessors, directors, officers, employees, agents, contractors, members, representatives and all persons acting or purporting to act on its behalf.

    3.    "Document" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including any drafts, revisions and computer-readable material.  If a document has been prepared in several copies which are not identical, or if the original identical copies are no longer identical by reason of subsequent notation or other modification of any kind whatsoever, including, but not limited to, notations on the

1

backs of pages thereto, each non-identical copy is a separate document. "Document" shall also include any data compilation from which information can be obtained or translated if necessary by you through detection devices into reasonable usable form.

    4.    "Person" includes, without limitation, any natural person, proprietorship, corporation, partnership, trust, joint venture, association, organization, business entity or governmental agency.

    5.    "Relating to" and "relates to" mean, without limitation, relating to, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, or tending to prove, disprove, or explain.

    6.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    7.    The use of the singular includes the plural, and vice versa.

    8.    The use of one gender includes all others, appropriate in the context.

    9.    "Identify" means and requires you to state:

    (a)    With respect to a person, his or her name, address, telephone number, employer and job title.

    (b)    With respect to a document, the name and address of its author or maker, the names and addresses of all persons who were addressees, the date on which it was created or made, the nature of the document and the substance of the information or communication set forth in the document.

    (c)    With respect to a tangible or demonstrative thing, a sufficiently graphic description to distinguish it from other tangible or demonstrative things of the same class or type.

    (d)    With respect to conversations and written or oral communications:

    (i)    The date on which each conversation or communication occurred

    (ii)    The persons making such conversation or communication

    (iii)    The substance of the conversation or communication

    (iv)    The names and addresses of every person present when the conversation or communication occurred

    (v)    The place where the conversation occurred.

## INSTRUCTIONS

1. If you discover new information, you are obligated to supplement your responses to these interrogatories no later than thirty days after the discovery of the further information and in no event later than fifteen days before the first day of trial.

2. If you object to furnishing any information requested by these interrogatories on the grounds of privilege, work product or otherwise, your response should state the existence of the information, document or communication, identify the specific grounds on which your objection is based, and identify the information objected to by furnishing its date, participants (*e.g.*, names of speakers, authors, addressees) and a general description of the nature, rather than the substance, of the purportedly privileged information. If the information objected to contain relevant non-objectionable matter, you should disclose it.

3. The relevant time period of these interrogatories is from 2000 to present and shall include all information, which relates or refers to this period, unless another time or period of time is specifically referred to in an interrogatory.

4. If you cannot furnish exact data, such as dates, periods or amounts, supply estimated data to the extent possible and indicate that the data is estimated.

## INTERROGATORIES

INTERROGATORY NO. 1: Please identify all persons employed as WMATA Metropolitan Officers as Plaintiff whom were charged, investigated and/or disciplined for violating Defendant's policies, rules and/or regulations as follows:

   a. false statements

   b. being out of sector

   c. theft

   d. violation of oath

RESPONSE:

INTERROGATORY NO. 2:  As to each response in Interrogatory No. 1, please identify the individual(s) by name, race, gender, and final disposition.

RESPONSE:

INTERROGATORY NO. 3:  Please identify the individual whom Terrence Tripplett and Sgt. Gregory Hanna referenced during their depositions who was alleged to have, "falsified or forged a judicial signature."

RESPONSE:

INTERROGATORY NO. 4:  Please identify WMATA Metropolitan Officers as follows:

   a. total number of individuals employed

   b. by racial composition (i.e., white, black, Latino, etc.)

   c. by gender composition

RESPONSE:

INTERROGATORY NO. 5:  Please identify internal discrimination complaints and/or administrative discrimination complaints (e.g., the EEOC, Prince George's County Human Relations Commission, District of Columbia Office of Human Rights, Fairfax County Commission on Human Relations) filed by and/or against Metropolitan Officers as follows:

   a. nature of the discrimination (race, gender, age, disability, etc.)

   b. nature of the complaint (promotion, hiring, disciplinary actions, etc.)

   c. the final disposition of the complaint

RESPONSE:

INTERROGATORY NO. 6:  Please state if whether or not WMATA requires any specialized training and/or certification for its operation of the CVSA and/or polygraph instruments.

RESPONSE:

INTERROGATORY NO. 7: If the response to interrogatory no. 6 is in the affirmative, please identify the name(s) of the operator, training programs, dates attended, location.

RESPONSE:

INTERROGATORY NO. 8:  Please identify Defendant's discrimination or anti-discrimination policy during the period Plaintiff attended the academy.

RESPONSE:

INTERROGATORY NO. 9:  Please identify Defendant's policy with respect to accidents or collisions with respect to investigations.

RESPONSE:

INTERROGATORY NO. 10:  Please identify all Metropolitan Officers whom were involved in automobile and/or motorcycle accidents or collisions as follows:

    a. identify the circumstances

    b. state the jurisdiction the incident occurred

    c. identify if whether or not the individual was charged and/or investigated

    d. identify if whether or not the individual was disciplined

    e. identify the investigator

    f. state the final disposition of the matter

RESPONSE:

INTERROGATORY NO. 11:   Please identify Defendant's policy for investigating complaints of Metropolitan Officers' use and/or discharge of firearms in off-duty situations.

RESPONSE:

INTERROGATORY NO. 12:  Please identify if Defendant has a policy that either restricts or limits a period of time in which an investigator can consider previous disciplinary actions in recommending subsequent discipline for subsequent violations.

RESPONSE:

INTERROGATORY NO. 13:         Please state if Defendant has ever received complaints from WMATA Metropolitan Officers regarding the use of racially derogatory terms in the workplace, roll call, off-site, training academy by a WMATA employee(s). If so, please identify by the following:

   a.  what were the circumstances of the alleged incident

   b.  name of the accused

   c.  name of the accuser

   d.  whether or not WMATA conducted an investigation of the incident

   e.  name the investigator and his or her training for investigation incidents of this nature

   f.  please state the final outcome or disposition of the matter

RESPONSE:

               Respectfully submitted:

               _____/S/_____
               Nathaniel D. Johnson, Esq. (MD #14729)
               Richard L. Thompson, Esq. (MD #15980)
               *Of Counsel*
               3475 Leonardtown Road
               Waldorf, MD 20602
               (301) 645-9103
               (301) 893-6890 (fax)

November 9, 2007