IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAJ WILSON

    Plaintiff,

vs.                               CIVIL No: 05-2146 (GK)

WMATA

    Defendant.

**PLAINTIFF'S
MOTION TO COMPEL DISCOVERY**

**NOW COMES** Taj Wilson, Plaintiff, by undersigned counsel and moves this Court for an Order compelling Defendant to supplement its discovery and for sanctions and costs in the above-captioned matter[1]. In support of this motion, Plaintiff states herein as follows:

1. Plaintiff initiated this civil action on November 2, 2005; (Dkt. No. 1)

2. Discovery in this litigation is currently scheduled to conclude on January 18, 2008; (Dkt. No. 54)

3. On or about November 14, 2007, Plaintiff propounded final discovery to Defendant that included both Interrogatories and Production of Document Requests; (See Exhibits 1 and 2);

4. On December 17, 2007, Defendant partially responded to Plaintiff's discovery, as it failed to provide requested personnel information of employees similarly-situated to Plaintiff; specifically, inter alia, the responses did not include requested and

---

[1] May the Court take note, throughout this litigation, Plaintiff has had to repeatedly file motions to compel Defendant to supplement its discovery resulting in delay and unnecessary costs. See Docket Nos. 20 and 25.

relevant information necessary to compare Plaintiff to similarly-situated Metro Officers; (See Exhibits 3 and 4)

5. On December 18, 2007, undersigned counsel notified Defendant that its discovery was inadequate and that a motion to compel would be forthcoming if not supplemented:

> "*Counsel, I have reviewed defendant's "responses" to plaintiff's discovery provided yesterday. Let me be emphatically clear, my preliminary review concludes the responses are inadequate and warrant supplementation. To that end, I will provide you with a summary of my concerns in writing by this Friday. In the event, however, defendant fails to supplement its discovery by next Friday, I will immediately file a motion to compel with the Court and ask for sanctions.*"

6. On December 20, 2007, opposing counsel requested a conference of the issues before Plaintiff proceed with filing the motion to compel;

> "*Coounsel: I would like to discuss your concerns before you file a Motion to Compel and I look forward to receiving your summary of those concerns.*"

7. On December 26, 2007, undersigned forwarded Defendant a letter identifying the inadequacies in its discovery and ask for supplementation; (Exhibit 5)

8. The letter also requested a conference call on January 28th to discuss Defendant's late and inadequate discovery responses (Id.);

9. On December 26, 2007, Defendant responded to undersigned's request for meet and confer, stating, inter alia, that he may not be available before January 2, 2008; further, Defendant in effect refused to supplement its discovery responses; (Exhibit 6)

10. On January 4, 2008, after Defendant failed to participate in a meet and confer, undersigned provided Defendant with specific information related to the need for supplementing discovery; (Exhibit 7)

11.  Notwithstanding undersigned's good faith efforts of attempting a resolution, Defendant has not supplemented its discovery.

## ARGUMENT

Federal Rules of Civil Procedure Rule 37(a)(4)(A), entitles a party to sanctions and costs for failure to cooperate in discovery.  Under Rule 37, the district court has broad discretion to impose sanctions for discovery violations. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43, 96 S.Ct. 2778, 2780-81, 49 L.Ed.2d 747 (1976) (per curiam).

Here, in the instant action, Plaintiff's efforts to move this litigation forward with discovery are being frustrated by the actions of the Defendant and warrant sanctions and costs.  (See Green v. District of Columbia 134 F.R.D. 1 D.D.C.,1991.)   Plaintiff initially propounded discovery upon Defendant more than two (2) months ago, and Plaintiff has provided Defendant several opportunities to supplement its inadequate responses.

## CONCLUSION

To date, Defendant has produced inadequate discovery responses to Plaintiff's discovery and failed to conference undersigned on the matter.   Plaintiff has exhausted his efforts to resolve this matter before bringing this motion to the Court.   Plaintiff will be significantly prejudiced by Defendant's failure to cooperate with discovery unless requested relief is granted.

For these reasons, Plaintiff asks that this Court grant his motion for an Order compelling Defendant to supplement its discovery and award sanctions and costs.

Respectfully requests a hearing on this matter:

        _____/s/_____
Nathaniel D. Johnson (MD#14729)
Richard L. Thompson (MD#15980)
201 Centennial Street #A-2
LaPlata, Maryland 20646
301 645-9103

Date: January 9, 2008

## Certificate of Service

I, Nathaniel D. Johnson, certify that I forwarded the foregoing motion and Order to the addressee via ECF:

Bruce Heppen, Associated Counsel
for Defendant, WMATA

        _____/s/_____
Nathaniel D. Johnson