**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TAJ WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 05-2146 (GK) |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY ) | |
| ) | |
| Defendant. ) | |

**WMATA'S ANSWERS TO PLAINTIFF'S FINAL SET OF INTERROGATORIES**

Defendant Washington Metropolitan Area Transit Authority ("WMATA") submits its Answers to Plaintiff's Interrogatories as follows:

**PRELIMINARY STATEMENT**

WMATA reserves the right to rely on any facts, documents, or other evidence which may develop or come to WMATA's attention. WMATA's Answers are set forth herein without prejudice to WMATA's right to assert additional objections or supplemental answers should WMATA discover additional information or grounds for objections. WMATA reserves the right to supplement or amend these answers at any time prior to trial to this action. Terry Smith answers these Interrogatories solely in his representative capacity, and not based upon any personal knowledge of the facts or allegations.

## INTERROGATORIES

1. Please identify all persons employed as WMATA Metropolitan Officers as Plaintiff whom were charged, investigated and/or disciplined for violating Defendant's policies, rules and/or regulations as follows:

   a. false statements

   b. being out of sector

   c. theft

   d. violation of oath

**ANSWER:**

Objection. This Interrogatory is overly broad in time and scope, unduly burdensome to produce and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is ambiguous as to the meaning of the phrase "charged", and is not limited to matters involving the alleged discriminating officials in this case. Moreover, to the extent relevant, this request is redundant has been more than sufficiently answered by WMATA in its previous responses. See, Bate Stamp, 1242 - 3754.

2. As to each response in Interrogatory No. 1, please identify the individual(s) by name, race, gender, and final disposition.

**ANSWER:**

WMATA objects to this request on the same basis and grounds set out in Answer # 1 above.

3. Please identify the individual whom Terrence Tripplett and Sgt. Gregory Hanna referenced during their depositions who was alleged to have, "falsified or forged a judicial signature."

**ANSWER:**

Without conceding that there was an officer charged with falsifying or forging a judicial signature the person who was references is Officer Ron Edwards.

4. Please identify WMATA Metropolitan Officers as follows:

   a. total number of individuals employed

   b. by racial composition (i.e., white, black, Latino, etc.)

   c. by gender composition

**ANSWER:**

Objection. This request is overly broad, unduly burdensome to produce, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request has no nexus to any of the alleged discriminating officials or discriminatory acts alleged in this case. WMATA further and specifically objects to this request because it is not relevant to a disparate treatment claim of discrimination, and there being no claims of hiring discrimination which are relevant to this claim, the composition of the workforce is completely irrelevant and not likely to lead to the discovery of any admissible evidence.

5. Please identify internal discrimination complaints and/or administrative discrimination complaints (e.g., the EEOC, Prince George's County Human Relations Commission, District of Columbia Office of Human Rights, Fairfax County Commission on Human Relations) filed by and/or against Metropolitan Officers as follows;

    a. nature of the discrimination (race, gender, age, disability, etc.)

    b. nature of the complaint (promotion, hiring, disciplinary actions, etc.)

    c. the final disposition of the complaint

**ANSWER:**

Objection. This request is overly broad in time and scope, unduly burdensome to produce and not reasonably calculated to lead to the discovery of admissible evidence. WMATA also objects to this request because there are no claims regarding disability discrimination or age or gender discrimination raised in the EEOC charge and therefore these bases of discrimination are not relevant to any claim arising in this matter. Similarly claims regarding promotions and hiring decisions are not relevant. Finally, WMATA objects because this request is not limited to employment discrimination claims involving WMATA personnel.

     6. Please state if whether or not WMATA requires any specialized training and/or certification for its operation of the CVSA and/or polygraph instruments.

**ANSWER:**

Yes. Metro Transit Police Department requires certification to administer CVSA.

7. If the response to interrogatory no. 6 is in the affirmative, please identify the name(s) of the operator, training programs, dates attended, location.

**ANSWER:**

Objection. This request is vague as to the meaning of "name(s) of the operator, training programs, dates attended, location" in the context of the interrogatory and cannot be answered with any degree of specificity because WMATA cannot discern whose training record is sought. To the extent the interrogatory is seeking to identify all persons who have received such training, it is overly broad and burdensome. Without waiving the objection, please refer to the attached Exhibit 6 regarding Lt. Melan.

     8. Please identify Defendant's discrimination or anti-discrimination policy during the period Plaintiff attended the academy.

**ANSWER:**

For copies of WMATA's policies, please refer to Exhibit 2. These

5

policies do not apply to conduct at the Northern Virginia Criminal Training Justice Academy (Academy) because Academy employees are not WMATA employees and WMATA objects to this request to the extent that it seeks information regarding the conduct or standards of the Academy employees. Without waiving the objection, please refer to Exhibit 5 for the Academy policies.

9. Please identify Defendant's policy with respect to accidents or collisions with respect to investigations.

**ANSWER:**

WMATA objects on the basis that the interrogatory is vague and cannot be answered with any degree of certainty whatsoever. Without waiving its objection, please refer to Exhibit 3.

10. Please identify all Metropolitan Officers whom were involved in automobile and/or motorcycle accidents or collisions as follows:

a. identify the circumstances

b. state the jurisdiction the incident occurred

c. identify if whether or not the individual was charged and/or investigated

d. identify if whether or not the individual was disciplined

e. identify the investigator

f. state the final disposition of the matter

**ANSWER:**

6

Objection. This request is overly broad in time and scope, unduly burdensome to produce and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, to the extent relevant, this request is redundant and has been more than sufficiently answered by WMATA in its previous responses. See, Bate Stamp, 1242 - 3754.

_____11. Please identify Defendant's policy for investigating complaints of Metropolitan Officers' use and/or discharge of firearms in off-duty situations.

**ANSWER**:

Please refer to Exhibit 4.

_____12. Please identify if Defendant has a policy that either restricts or limits a period of time in which an investigator can consider previous disciplinary actions in recommending subsequent discipline for subsequent violations.

**ANSWER:**

Time limits for consideration of previous discipline are governed by the Collective Bargaining Agreement. See, Bate Stamp, 852.

13. Please state if Defendant has ever received complaints from WMATA Metropolitan Officers regarding the use of racially derogatory terms in the workplace, roll call, off-site, training academy by a WMATA employee(s). If so, please identify by the following:

a. what were the circumstances of the alleged incident

b. name of the accused

      c. name of the accuser

      d. whether or not WMATA conducted an investigation of the incident

      e. name the investigator and his or her training for investigation incidents of this nature

      f. please state the final outcome or disposition of the matter

**ANSWER:**

Objection. This request is overly broad, unduly burdensome to produce and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, WMATA objects to this request because no claims of hostile work environment or other claims relevant to this issue were raised by the plaintiff in the EEOC charge. WMATA further objects to the inclusion of complaints regarding the training academy and "off-site." WMATA also objects to the coverage of issues arising while plaintiff was a police cadet at the Northern Virginia Criminal Justice Training Academy which is not subject to WMATA's control. WMATA contracts with other police forces for these services. WMATA objects to the phrase "off-site" as ambiguous and as embracing off-duty conduct not relevant to this matter.

WMATA reserves the right to object to the number of interrogatories submitted by plaintiff as exceeding the limit authorized by Fed. R. Civ. P. 33, which limits the number of interrogatories to 25 and its subparts.

**I HEREBY CERTIFY THAT THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

_____
Terry Smith, Manager
Designated WMATA Representative
Third Party Liability
600 Fifth Street, N.W.
Washington, DC 20001

As to Objections:

_____
Bruce P. Heppen
Assoc. General Counsel
WMATA - 600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2569

y
z
w

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of December 2007 a copy of the foregoing WMATA's Answers to Plaintiff's Final Set of Interrogatories and Requests for Production of Documents was  sent by e-mail mailed and mailed by first class mail postage prepaid to:

Nathaniel D. Johnson, Esq.
Richard L. Thompson, Esq.
3475 Leonardtown Rd.,
Suite 200
Waldorf, MD 20602

_____
Bruce P. Heppen

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TAJ WILSON, </br></br>    Plaintiff, </br></br>v. </br></br>WASHINGTON METROPOLITAN </br>AREA TRANSIT AUTHORITY, </br></br>    Defendant. | ) </br>) </br>) </br>) </br>)    05-2146 (GK) </br>) </br>) </br>) </br>) </br>) |

## REQUESTS FOR DOCUMENTS

1. Please produce all documents referenced in Defendant's Response to Interrogatory No. 1.

**RESPONSE**

Objection. This request is unduly broad, unreasonably burdensome to produce and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, WMATA objects to this request because it seeks information that is irrelevant, because the information sought has no nexus to the alleged discriminating officials in this case. Moreover, to the extent relevant, this request has been sufficiently answered by previous multiple Interrogatories or document production by the Defendant.

2. Please produce the personnel file of "Ron Edwards", the WMATA Metropolitan Officer identified during the depositions of Sgt. Gregory Hanna and Terrence Tripplett.

**RESPONSE**

Objection. This request is overly broad and invades the personal privacy of Mr. Ron Edwards as the personnel file contains a wealth of information not in any way relevant to Mr. Wilson's allegations, including confidential medical records. Subject to and without waiving the objection, please see attached portions of the investigative of Officer Ron Edwards file (Exhibit 1).

3. Please produce all documents referenced in Defendant's Response to Interrogatory No. 4.

**RESPONSE**

Objection. This request is unduly broad, unreasonably burdensome to produce and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, WMATA objects to this request because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence because there are no claims of hiring discrimination which are relevant to this claim and thus the composition of the workplace is completely irrelevant.

4. Please produce all documents referenced in Defendant's Response to Interrogatory No. 5.

**RESPONSE**

Objection. This request is unduly broad, unreasonably burdensome to produce and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, WMATA objects to this request because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence because there are no claims of age discrimination or gender discrimination raised in the EEOC Charge and thus the information is completely irrelevant.

5. Please produce all anti-discrimination policies that were in effect at the time Plaintiff attended the WMATA training academy.

**RESPONSE**

For copies of WMATA's policies, please refer to Exhibit 2. These policies do not apply to conduct at the Northern Virginia Criminal Training Justice Academy (Academy) because Academy employees are not WMATA employees and WMATA objects to this request to the extent that it seeks information regarding the conduct or standards of the Academy employees. Without waiving the objection, please refer to Exhibit 5 for the Academy policies.

6. Please produce all WMATA policies that relate to investigating accidents or collisions.

3

**RESPONSE**

WMATA objects on the basis that the request is overbroad, as policies relating to investigations of bus accidents are completely irrelevant to this matter. Without waiving that objection, please refer to Exhibit 3.

7. Please produce all documents referenced in Defendant's Response to Interrogatory No.10.

**RESPONSE**

Objection.  WMATA hereby incorporates its objections to Interrogatory # 10.

8. Please produce all documents referenced in Defendant's Response to Interrogatory No.11.

**RESPONSE**

Please refer to Exhibit 4

9. Please produce all documents referenced in Defendant's Response to Interrogatory No.12.

**RESPONSE**

Please refer to the Collective Bargaining Agreement previously produced ( Bate Stamp, 852)

10. Please produce all documents referenced in Defendant's Response to Interrogatory No.13.

**RESPONSE**

4

Objection. Please refer to objections to Interrogatory # 13.

11. Please produce the WMATA policy for administering "Question and Answers" during the investigation of complaints.

**RESPONSE**

Objection. This request is vague because the meaning of the phrase "administering questions and answers," is so uncertain. The general guidelines for investigations are contained in Exhibit 3.

Respectfully submitted,

WASHINGTON
METROPOLITAN AREA
TRANSIT AUTHORITY


_____
Bruce P. Heppen
Assoc. General Counsel
WMATA - 600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2569

5