IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**TAJ WILSON**

    **Plaintiff,**

vs.                                      **CIVIL No: 05-2146 (GK)**

**WMATA**

    **Defendant.**

## PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUEST FOR ADMISSIONS

**NOW COMES** Taj Wilson, Plaintiff, by undersigned counsel and moves this Court for an Order compelling Defendant to supplement its responses to Requests for Admissions and for sanctions and costs in the above-captioned matter. In support of this motion, Plaintiff states herein as follows:

1. Plaintiff initiated this civil action on November 2, 2005; (See Dkt. No. 1)

2. Discovery in this litigation is currently scheduled to conclude on January 18, 2008; (See Dkt. No. 54)

3. On or about November 14, 2007, Plaintiff propounded Request for Admissions to Defendant (See Exhibit 1);

4. On December 17, 2007, Plaintiff consented to Defendant's request for an enlargement up to January 4, 2008 to respond to Plaintiff's Request for Admissions; (See Dkt. No. 56)

5. On December 18, 2007, this Court granted Defendant's consent motion by Minute Order;

6. On January 4, 2008, Defendant provided it responses to Plaintiff's Request for

       Admissions; (See Exhibit No. 2)

7.     Defendant's cover letter to the responses included the following:

*Counsel: In accordance with Judge Kessler's order, I am responding to the requests for admissions today. <u>I am still working on supplementing the answers to various questions where at the present I do not have sufficient information to provide a response due to the unavailability of personnel</u>.*

*Please advise as to the status of Chief Hanson's deposition.*

*Bruce P. Heppen Assoc. General Counsel*

  (See Exhibit No. 2-a). (Emphasis added).

8.     Defendant's responses were inadequate since they were partially answered, for instance, most of the responses included the following: *"WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied."* (Emphasis added).

9.     On January 9, 2008, Plaintiff forwarded to Defendant a "meet and confer" letter that outlined Defendant's inadequate responses; (See Exhibit No. 3)

10.    On January 11, during depositions, Defendant informed undersigned counsel that it would supplement its responses by 4:00 p.m. that day;

11.    However, later that day, Defendant informed undersigned counsel that the responses would not be forthcoming because he had a headache; (See Exhibit No.4)

## ARGUMENT

Throughout the instant litigation, Plaintiff has had to repeatedly file motions to compel Defendant to supplement its discovery resulting in delay and unnecessary costs. See Docket Nos. 20, 25 and 58. In effect, Defendant has shown a pattern of delay and dilatory in responding to Plaintiff's discovery requests. This tactic, has demanded persistence and attorney fees from Plaintiff and his legal representatives.

Federal Rules of Civil Procedure Rule 37(a) (4) (A), entitles a party to sanctions and costs for failure to cooperate in discovery. Under Rule 37, the district court has broad discretion to impose sanctions for discovery violations. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43, 96 S.Ct. 2778, 2780-81, 49 L.Ed.2d 747 (1976) (per curiam).

Here, in the instant action, Plaintiff's efforts to move this litigation forward with discovery are being frustrated by the actions of the Defendant and warrant sanctions and costs. (See Green v. District of Columbia 134 F.R.D. 1 D.D.C.,1991.) Plaintiff initially propounded discovery upon Defendant more than two (2) months ago, and Plaintiff has provided Defendant several opportunities to supplement its inadequate responses.

## CONCLUSION

To date, Defendant has produced inadequate discovery responses to Plaintiff's Request for Admissions. The discovery deadline is this week, January 18th and Plaintiff will be significantly prejudiced by Defendant's failure to cooperate with discovery unless requested relief is granted.

For these reasons, Plaintiff asks that this Court grant his motion for an Order compelling Defendant to supplement its discovery and award sanctions and costs.

Respectfully requests a hearing on this matter:

_____/s/_____
Nathaniel D. Johnson (MD#14729)
Richard L. Thompson (MD#15980)
201 Centennial Street #A-2
LaPlata, Maryland 20646
301 645-9103

Date: January 14, 2008

**Certificate of Service**

I, Nathaniel D. Johnson, certify that I forwarded the foregoing motion and Order to the addressee via ECF:

Bruce Heppen, Associated Counsel
for Defendant, WMATA

_____/s/_____
Nathaniel D. Johnson