**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TAJ WILSON, | |
|     Plaintiff | C.A. 05-2146 (GK/AK) |
| v. | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | |
|     Defendant. | |

**OPPOSITION TO MOTION TO COMPEL
RESPONSES TO REQUESTS FOR ADMISSIONS**

Comes now the Defendant, by and through the undersigned counsel, and opposes the Motion to Compel filed by the Plaintiff. On January 14, 2008, WMATA supplemented its previously filed responses to the Request for Admissions, a copy of which is attached hereto. Plaintiff requested admissions regarding 66 numbered paragraphs; its actual request included at least 73 items, as Admission No. 36, which comprised 2 ½ pages of text in the response, included 7 distinct subparts. In its supplement, WMATA supplied answers for 6 additional requests. As a result 8 Requested Admissions, Nos. 11, 18, 29, 30, 31, 43, 44, and 47 remain unanswered for lack of information. This is a small percentage of the questions asked. WMATA hopes to file an additional supplement in the near future.

Instruction No. 3 to Plaintiff's Requests for Admissions reflects the fact that circumstances may arise where admissions must be answered on the basis of lack of knowledge. WMATA has answered the vast bulk of the questions and has objected to a small number. Plaintiff has supplied no support for his Motion to

Compel, except for the same tired one paragraph argument used in support of its Motion to Compel Interrogatories.  There is thus no a single citation addressing the granting of a Motion to Compel with respect to admissions and there is nothing suggesting that any of WMATA's responses are improper.  Here, WMATA has raised principled objections both to the form and relevance of certain admissions and plaintiff has declined to address a single one of defendant's objections. This is the same deficiency noted in <u>Washington v. Thurgood Marshall Academy</u>, 232 F.R.D. 6, 9-10 (D.D.C. 2006), where Judge Facciola declined to compel where the plaintiff had completely failed to explain how the responses were unsatisfactory.  The same absence of specificity in a prior motion to compel filed by plaintiff resulted in the denial of the motion by Judge Penn.  (Docket #30)

In his letter of January 8, 2008, plaintiff's counsel identified two responses as being deficient, in addition to the "unable to respond" responses.  These are discussed briefly below.


25.   Admit or Deny that WMATA was fully aware of the June 18th recommendation for disciplinary actions for Plaintiff after the occurrence of the August 15th incident.
**WMATA objects to the form of the question, because of the absence of specificity regarding the assertion of knowledge by an entire corporate entity.  Denied as phrased.   WMATA also objects as to the relevancy of this requested admission.**

The objection is to the form of the question, since it asks about knowledge on the part of a corporate entity.   Some persons within such an entity might have

knowledge while other higher level decision makers might not.  As phrased, it is impossible to response.   Moreover, the question's relevancy is completely opaque, as the issue here is not one of timing but of whether WMATA was motivated by racial hostility.

53.	Admit or Deny that Lieutenant Mallory is white and transported his child from church in his assigned cruiser and resulted in an accident.
	**Admit that Lt. Mallory is white.**

WMATA willl supplement this response to the extent it is able.


										Respectfully submitted,

										**WASHINGTON METROPOLITAN
										AREA TRANSIT AUTHORITY**


										/s/ _____
										Bruce P. Heppen #252171
										Associate General Counsel
										600 Fifth Street, N.W.
										Washington, D. C. 20001
										(202) 962-2569