IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAJ WILSON,<br><br>    Plaintiff<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br><br>    Defendant. | C.A. No. 05-2146 (GK/AK) |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S
MOTION TO COMPEL DISCOVERY FROM PLAINTIFF**

COMES NOW, the Defendant, Washington Metropolitan Area Transit Authority ("WMATA"), and pursuant to Rule 37(a)(3) and LCvR 26.2(d) of the Federal Rules of Civil Procedure, moves this court to enter an Order compelling Plaintiff, to provide complete and responsive answers to WMATA's Interrogatories, and fully-executed responses and documents in response to WMATA's two requests for production of documents or be subject to further sanctions including dismissal.

This case stems from Plaintiff's claim for employment discrimination following his termination from employment with the Metropolitan Transit Police in November 2004. Following the granting of a motion to amend and entry of new counsel for Defendant, on December 7, 2007, WMATA served a second set of Interrogatories and Request for Production of Documents on Plaintiff. (See, WMATA's Second Interrogatories and Request for Production of Documents, Attachment No. 1). Plaintiff's discovery responses were due on January 7, 2007 but on that date, nothing

was received from plaintiff and no request for an extension of time was received. On January 15, a previously scheduled status conference was held at which time undersigned counsel raised the matter with counsel and with Judge Kessler. Plaintiff's Counsel averred in open court that responses would be received by the close of business the next day, in advance of a deposition of plaintiff scheduled for January 18, 2008. At plaintiff's request and in light of the extension of discovery granted by Judge Kessler at the January 15 hearing, the deposition was postponed. Discovery responses were not received until January 25, 2008. The response contained nothing regarding the document request, except for two pieces of paper, a W-2 for 2006 and a wage stub. See Attachment 2.

Counsel for both parties jointly contacted the Chambers of Magistrate Judge Kay on January 30, 2008 and during this telephone conversation counsel for WMATA brought to the attention of plaintiff's counsel the failure to respond to WMATA's document request. In response to a follow-up e-mail, a narrative response was produced today, February 5, 2005 (Attachment 5) but no documents were attached. Plaintiff failed to produce tax returns as request by defendant two months ago. Paragraph 9 of the document alludes to an attached charge, but no document was attached. In light of the looming hearing scheduled for February 21, 2008 and to preserve its rights, WMATA's counsel is filing this Motion to Compel.

This Motion also seeks to compel plaintiff to respond to an earlier request for production of documents (attachment 2) which was served upon plaintiff in the

summer of 2006, which apparently was never answered by plaintiff. When undersigned counsel served the first request for production of documents upon plaintiff's counsel, he inquired of opposing counsel as to the absence of any response to the earlier document request in the file. Attachment 3. Opposing counsel has never responded to that query. WMATA's prior counsel has confirmed that to the best of his recollection, the document request was never formally responded to.

Plaintiff's answers to the interrogatories are also incomplete and non-responsive. Defendant highlights the two most critical deficient responses below.

<u>Interrogatory No. 12</u> requests information about prior protected activity within the meaning of 42 U.S.C. 2000(e)(3)(a) engaged in by plaintiff. WMATA asked that plaintiff identify each protected act, including the approximate date, the means by which he engaged in the activity (oral or written expression) the person to whom this was directed and the type of discrimination. Plaintiff must identify protected activity as a necessary element of any prima facie case of retaliation. Plaintiff's response is:

> After the racial incident at the Northern Virginia Training Academy, I was pulled to the side by Captain Tabor and advised that WMATA does not have racial issues and during a weekly meeting that we had with the Captain he made constant references to the case revealing what I thought was supposed to be confidential information to the rest of the workers present during this meeting. Once no investigation was done by management's part and extra physical work was given out by the staff after this meeting, I felt like this was a form of punishment for making a racial complaint, especially after no investigation was done by management about the incident. Only to be threatened to be terminated by the same management about 3 weeks later when a white officer complained that black officers were acting like a gang because we ate lunch together. This complaint was made by a white officer known to use racial slurs (Steven Smith which was terminated for racial comments

and brought back).

<u>Interrogatory No. 13</u> asks whether Plaintiff contends that he suffered retaliation in the form of adverse treatment because he engaged in protected activity and asks him to identify each such incident, the date of the treatment and the persons responsible for the adverse treatment.  His response was to refer to response to number 12.   See Attachment 6.

WMATA asked plaintiff to identify the evidence which he believes  will allow him to establish a prima facie case of retaliation i.e. that he engaged in protected activity and that he suffered adverse treatment as a result.  His rambling, stream of consciousness response is completely deficient as it neither identifies any specific, recognized form of protected activity in which he engaged, such as filing a charge of discrimination or writing a letter, nor does it identify specific adverse treatment plaintiff suffered.

In accordance with Local Rule 7(m), Counsel has requested that plaintiff produce full responses to the two document requests, but these have not been forthcoming.

WHEREFORE, it is prayed that this Court enter an order compelling Plaintiff to provide full and complete answers to each of Defendant WMATA's document requests and responsive documents and cogent and complete responses to Interrogatories 12 and 13 as set forth above, and for such other relief as the court deems just and proper.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

_____/s/_____

Bruce P. Heppen, #252171
Deputy General Counsel
WMATA
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2569

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TAJ WILSON,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | C.A. 05-2146 (GK/AK) |
| : | |
| **WASHINGTON METROPOLITAN** : | |
| **AREA TRANSIT AUTHORITY** : | |
| : | |
| **Defendant.** : | |
| : | |

### O R D E R

Upon consideration of Defendant WMATA's Motion to Compel Discovery, any opposition thereto, and the entire record herein, it is hereby

ORDERED that Plaintiff shall serve on Defendant's counsel fully-executed responses and documents as requested in WMATA's first and second requests for production of documents and plaintiff shall provide full and complete answers to WMATA's Interrogatories 12 and 13, no later than _____, 2008.

_____
UNITED STATE MAGISTRATE JUDGE