# UNITED STATES DISTRICT COURT
## District of Columbia

| | |
|---|---|
| TAJ WILSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 05-2146 (GK) |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY ) | |
| ) | |
| Defendant. ) | |
| ) | |

## SECOND SET OF INTERROGATORIES TO PLAINTIFF
## AND SECOND SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

### INSTRUCTIONS

The following Interrogatories are propounded to you pursuant to the Rules of this Court for purposes of discovery, or for use as evidence in this action, or both. You are required by the Rules of this Court to answer each question fully and completely in writing and under oath within thirty (30) days after service of these interrogatories upon you and serve a copy of your answers upon counsel for Defendant:

(a)    These Interrogatories are continuing in character, so as to require you to file Supplementary Answers if you obtain further or different information prior to trial.

(b)    Where the name or identity of a person is requested, please state full name, home address and telephone number, and also business address and telephone number, if known. When used in relationship to a company, corporation, limited liability company, partnership or other legal entity, state its

precise name at the time of the incident, its current business name, the name of

the principals at the time of the incident and presently, and the current address

of the entity's principal office. When used in relationship to a document or object,

fully describe the document or object, and identify the custodian thereof.

(c)    Unless otherwise indicated, these Interrogatories refer to the time,

place and circumstances of the occurrences mentioned or complained of in the

pleadings.

(d)    Where knowledge, information, or possession of a party is

requested, such request includes that of your agents, representatives, and

unless privileged, your attorney.

(e)    The pronoun "you" refers to the party to whom these

Interrogatories are addressed and the persons mentioned in clause (d), above.

(f) The term "document" shall have the meaning set forth in Rule 34 of the

Federal Rules of Civil Procedure; in addition, the term shall include videotape,

audiotape, electromagnetic records including e-mails and any data recorded

thereon.

INTERROGATORIES

9.    Identify all facts that support your allegations in the Amended

Complaint that your race, color, and/or sex were factors in WMATA's decision to

terminate you.

10.    Have you ever filed a charge of discrimination with the EEOC or

any state fair employment practice agency?  If yes, state the date  each such

charge was filed, the basis (or bases) alleged in the charge, the personnel

2

action(s) which were challenged and the persons or persons named as alleged discriminating officials.

11.     Describe in detail each and every incident and job action which occurred during your employment with WMATA which you allege constitutes discrimination or which contributed to the creation of a hostile work environment, as alleged in paragraph 23 including the dates of the incidents, persons involved, the factual basis for your allegations and the names of persons who have knowledge of the incident.

12.     Do you contend that you engaged in protected activity within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. 2000(e)(3)(a)?  If so, please identify each such protected act, including the approximate date, the means by which you engaged in the activity (oral or written expression), the person to whom this was directed, and the type of discrimination (i.e. race, national origin, age) which you were opposing.

13.     Do you contend that you suffered retaliation in the form of adverse treatment because you engaged in protected activity?  If so, please identify each such incident of adverse treatment of which you complain, the date of the adverse treatment, the person responsible for the adverse treatment and all persons with knowledge of the adverse treatment.

14.     Identify the white officer who is the subject of paragraph 24 of the Amended Complaint, who allegedly refused to touch plaintiff during a drill without wearing gloves and identify the white officer or officers he is alleged to have touched.

3

15.    Identify the white officers who are the subject of paragraph 26 of the Amended Complaint who allegedly referred to the community of Anacostia as Animal Costia.

16.    Have you sought any form of medical treatment to address the emotional pain, suffering, inconvenience and mental anguish you allege that you suffered?  If yes, please identify the person from whom you sought medical treatment, the approximate dates of such treatment, and any diagnosis provided to you by the treating provider.

17.    Describe in detail any and all damages which you allege resulted from discrimination or retaliation by WMATA, including how monetary damages are calculated.

## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

The following Requests for Production of Documents are propounded to you pursuant to the Rules of this Court for purposes of discovery, or for use as evidence in this action, or both. You are required by the Rules of this Court to produce to WMATA, through its undersigned counsel or designated agents, documents, for inspection and copying, within thirty (30) days after service of these requests for production of documents upon you. "Documents" shall be defined as set forth in Fed. R. Civ. P. 34.

9.    All documents submitted to, or received in connection with, any Equal Employment Opportunity Commission, WMATA Office of Civil Rights or state or District fair employment practice agency proceeding including, but not limited to, any charges of discrimination, statements of support of the charge and right-to-sue letter.

10.    Any documents reflecting or documenting protests or opposition to discrimination as alleged in paragraph 30 of the Amended Complaint.

11.    All documents reflecting complaints or reprimands authored by any of your supervisors generated in connection with your employment at WMATA.

12.    Copies of all of your federal, state, and local tax returns from 2004 to the present.

13.    Copies of any diagnosis or other report from any medical provider with whom you consulted or from whom you sought treatment in connection with any non-economic injuries alleged in paragraphs 16, 28, 33 of the Amended Complaint.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

_____

Bruce P. Heppen
Assoc. General Counsel
WMATA - 600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2569

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of December 2007 a copy of the foregoing WMATA's Second Interrogatories and Requests for Production were mailed, first class postage prepaid, to:

Nathaniel Johnson, Esq.
3475 Leonardtown Road
Suite 200
Waldorf, MD 20602

_____

Bruce P. Heppen

6