# ATTACHMENT 3

**UNITED STATES DISTRICT COURT**
District of Columbia

**TAJ WILSON**

      Plaintiff,

v.                                    1:05 CV 2146 (JGP)

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

      Defendant.

## INTERROGATORIES TO PLAINTIFF

### INSTRUCTIONS

The following Interrogatories are propounded to you pursuant to the Rules of this Court for purposes of discovery, or for use as evidence in this action, or both. You are required by the Rules of this Court to answer each question fully and completely in writing and under oath within thirty (30) days after service of these interrogatories upon you and serve a copy of your answers upon counsel for Defendant:

    (a)    These Interrogatories are continuing in character, so as to require you to file Supplementary Answers if you obtain further or different information prior to trial.

    (b)    Where the name or identity of a person is requested, please state full name, home address and telephone number, and also business

address and telephone number, if known. When used in relationship to a company, corporation, limited liability company, partnership or other legal entity, state its precise name at the time of the incident, its current business name, the name of the principals at the time of the incident and presently, and the current address of the entity's principal office. When used in relationship to a document or object, fully describe the document or object, and identify the custodian thereof.

(c)   Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in the pleadings.

(d)   Where knowledge, information, or possession of a party is requested, such request includes that of your agents, representatives, and unless privileged, your attorney. When an answer is made by a corporate party, state the name, title and address of the person supplying the information and making the affidavit, and the source of the information.

(e)   The pronoun "you" refers to the party to whom these Interrogatories are addressed and the persons mentioned in clause (d), above.

(f) The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure; in addition, the term shall include videotape and audiotape and any data recorded thereon.

## INTERROGATORIES

1. Please identify each and every person whom you consider to be a "similarly situated white Police Officer" who was not subjected to the same discipline to which you were subjected. For each person identified, provide the following:

   a. Your understanding of the actions, if any, committed by said person that were comparable to any acts for which you were disciplined;

   b. The source of your knowledge of the actions of said person(s). If your source is a person, identify the person and describe in detail the circumstances of your conversation with the "source," and the substance of the conversation(s) with said person pertaining to the "comparable acts" of the similarly situated white officer. If your source is other than a person, provide a detailed description of that source.

   ANSWER:


2. Describe all facts upon which you rely in your allegation that "race and color were factors" in WMATA's decision to terminate your employment.

   ANSWER:

3. Identify all "similarly situated individuals" who were treated more favorably than you were treated. For each such person, provide the following information:

    a. The acts committed by that person which subjected him or her to discipline by MTPD and/or WMATA ;

    b. The discipline actually rendered to that person; and

    c. All facts supporting your conclusion that the person was "similarly situated" to you.


4. Identify each person who, to your knowledge, was alleged to have committed offenses similar to or the same as those for which you were disciplined while employed as a Metro Transit Police officer.

ANSWER:


5. Identify each of your employers since your termination from WMATA, providing for each the following information:

    a. A description of the position that you held;

    b. The dates during which you held the position;

    c. The identity of your immediate supervisor;

    d.    Your salary or wage; and

    e.    The date and reason why you left the employment.

ANSWER:

6.    Identify all persons with knowledge of facts that support your allegations that you were treated differently from similarly situated persons.

ANSWER:

7.    Identify each and every witness whom you intend to call at the trial of this action, providing for each witness a summary of their expected testimony.

ANSWER:

8.    If you expect to call any person(s) as an expert witness at the trial of this case, state: the name, address, field of expertise and experience

in that field of each such person; the subject matter, the facts, and opinions upon which each is expected to testify; the basis for each such opinion; and provide copies of any reports generated by such an expert.

ANSWER:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

The following Requests for Production of Documents are propounded to you pursuant to the Rules of this Court for purposes of discovery, or for use as evidence in this action, or both. You are required by the Rules of this Court to produce to WMATA, through its undersigned counsel or designated agents, documents, for inspection and copying, within thirty (30) days after service of these requests for production of documents upon you. "Documents" shall be defined as set forth in Fed. R. Civ. P. 34.

1. Please produce all documents which in any way support your Answers to the Interrogatories served herewith.
   RESPONSE:

2. Please produce any and all documents in your custody or control that have been generated by WMATA and that are relevant to the instant action.
   RESPONSE:

3. Please produce any and all statements in your possession by any and all witnesses to the incidents that are the subject of this action.
   RESPONSE:

4.   Please produce any statements by the Defendant in your possession.

   RESPONSE:

5.   For each and every expert whom you intend to call at the trial of this action, provide a copy of his or her curriculum vitae, his or her report(s) relative to this matter, and copies of all documents reviewed and/or relied upon by said expert in forming his or her opinion in this case.

   RESPONSE:

6.   Produce all correspondence, including any and all supporting documents, between you and the Equal Employment Opportunity Commission relative to any and all claims made against WMATA.

   RESPONSE:

7.   Produce any and all documents pertaining to any complaints or grievances that you made to or regarding WMATA, its employees or agents.

   RESPONSE:

8. For each complaint or grievance referenced in the preceding Request, produce any and all documents provided to you in response to the complaint or grievance.

RESPONSE:

                                        WASHINGTON METROPOLITAN
                                        AREA TRANSIT AUTHORITY

                                        Jeffrey C. Seaman #466509
                                        Asst. General Counsel
                                        WMATA - 600 Fifth Street, N.W.
                                        Washington, D.C. 20001
                                        (202) 962-1856

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___21st___ day of July 2006 a copy of the foregoing WMATA's Interrogatories and Requests for Production were mailed, first class postage prepaid, to:

Nathaniel Johnson, Esq.
3195 Old Washington Road
Waldorf, MD 20602

_____
Jeffrey C. Seaman