UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAJ WILSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 05-2146 (GK/AK) |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

Comes now the Defendant, by and through counsel, and for its Answer to the Second Amended Complaint, states as follows:

### FIRST DEFENSE

The Second Amended Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

### SECOND DEFENSE

**Jurisdiction and Venue**

1. The Defendant admits that this Court has jurisdiction over some of the claims herein pursuant to D.C. Code §9-1107.01 (81) (2001); the remaining allegations of paragraph 1 of the Complaint are denied.

2. The allegations of paragraph 2 are admitted.

**Parties**

1

3. The Defendant admits the allegations of paragraph 3.

4. The Defendant admits that the Plaintiff is a member of a protected class based upon race and gender, male; the remaining allegations of paragraph 4 are denied.

5. There is no paragraph 5.

6. The allegations of paragraph 6 are admitted.

### Administrative Procedures

7. The Defendant lacks knowledge or information sufficient to permit it to answer the allegations of paragraph 7; the allegations are therefore denied.

8. The Defendant lacks knowledge or information sufficient to permit it to answer the allegations of paragraph 8; the allegations are therefore denied.

9. The Defendant lacks knowledge or information sufficient to permit it to answer the allegations of paragraph 9; the allegations are therefore denied.

### Count I

### Disparate Treatment Based On Race and Color
### In Violation of Title VII & 42 U.S.C. §1981

10. Paragraph 10 of the Complaint is cumulative and requires no separate response; to the extent a response is required, the Defendant incorporates by reference each of the foregoing paragraphs.

11. The allegations of paragraph 11 are admitted.

12. Defendant admits that plaintiff was discharged on November 12. Except as expressly admitted, defendant denies the allegations of paragraph 12.

13. The allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied.

## Count II

### Disparate Treatment Based On Gender In Violation of Title VII

17/ Paragraph 17 of the Complaint is cumulative and requires no separate response; to the extent a response is required, the Defendant incorporates by reference each of the foregoing paragraphs.

18. The allegations of paragraph 18 are denied; the Defendant was discharged on November 5, 2004, for multiple reasons.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are denied.

## COUNT III

### RACIALLY HOSTILE WORK ENVIRONMENT

### IN VIOLATION OF TITLE VII

22. The allegations of paragraph 22 are cumulative and require no

        answer.  To the extent an answer is required, they are denied.

23. The allegations of paragraph 23 are denied.

24. Defendant lacks sufficient knowledge, information or belief to answer the allegations of paragraph 24 and on that basis denies said allegations.

25. Defendant lacks sufficient knowledge, information or belief to anser the allegations of paragraph 25 and on that basis denies said allegations.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

28. The allegations of paragraph 28 are denied.

### COUNT IV

### RETALIATION

29. The allegations of paragraph 29 are cumulative and require no answer.  To the extent an answer is required, the allegations are denied.

30. The allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied.

        The prayer for relief requires no answer; to the extent an answer is

required, Defendant denies that it is liable to plaintiff in any respect or that plaintiff has been damaged as a result of any of defendant's acts.

### THIRD DEFENSE

The Defendant reserves the right to defend upon the basis that the Plaintiff has failed to exhaust available administrative remedies, and / or failed to timely file suit as required by 42 U.S.C. §2000e-5(e)(1) and (f)(1).

### FOURTH DEFENSE

The Plaintiff was discharged for legitimate, non-discriminatory reasons.

### FIFTH DEFENSE

Plaintiff has failed to mitigate his damages.

### SIXTH DEFENSE

Defendant has established a policy to handle complaints of racial harassment , and the Plaintiff has failed to act with reasonable care to take advantage of WMATA's available safeguards; moreover, there is otherwise no basis for respondeat superior liability for the acts alleged by the Plaintiff

The Defendant intends to right to rely upon any and all defenses available from the evidence presented at the trial of this action, including, but not limited to, failure to mitigate damages, and reserves the right to assert such defenses at that time.

Further answering the complaint, Defendant denies all allegations of

improper conduct, and further denies all allegations not specifically admitted or otherwise answered.

WHEREFORE, WMATA, having fully answered the complaint, prays that the same be dismissed with costs assessed against the Plaintiff.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

Carol O'Keeffe, #445277
General Counsel


_____/s/_____
Bruce P. Heppen #252171
Deputy General Counsel


_____/s/_____
David J. Shaffer, #413484\\
Assistant General Counsel
WMATA - COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2820


**JURY DEMAND**

The Defendant demands a trial by jury.

_____/s/_____
David J. Shaffer