UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAJ WILSON<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br><br>    Defendant. | Civil Action No. 05-2146 (GK)(AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court are Plaintiff's Motion to Compel Discovery [58] and Defendant's Opposition thereto [64]. Also pending are Plaintiff's Motion to Compel Responses to Request for Admissions [61] and Defendant's Opposition thereto [65].

**I.  Background**

Plaintiff Taj Wilson alleges that Defendant Washington Metropolitan Area Transit Authority ("WMATA") discriminated against him on the basis of race and gender, subjected him to a racially hostile work environment, and retaliated against him, all in violation of Title VII of the Civil Rights Act of 1964. (*See* Second Am. Compl. [57].) Plaintiff's discrimination claims stem from WMATA's decision to terminate Plaintiff's employment as a police officer with the Metro Transit Police Department in 2004. (*Id*. ¶¶ 12, 18.) WMATA asserts that Plaintiff was

---

[1] United States District Judge Gladys Kessler referred this case to the undersigned Magistrate Judge for discovery, pursuant to Local Civil Rule 72.2(a). (*See* Order [62] dated 12/6/07.)

1

terminated for providing false statements during an internal investigation. (*Id.*) Plaintiff's hostile work environment and retaliation claims stem from an incident that allegedly occurred in 2002 while Plaintiff was attending a training academy. (*Id.* ¶¶ 24, 30.)

Plaintiff filed the instant Motions to Compel on January 8, 2008 and January 14, 2008. After the matters were fully briefed, the parties presented argument at a hearing on February 21, 2008.[2] Although Plaintiff's Motion to Compel Discovery does not specify which discovery requests Plaintiff was moving to compel, Plaintiff's counsel represented that he was moving to compel additional responses to Interrogatories Nos. 1, 5, 10, and 13.[3] Defense counsel noted that his Opposition to Plaintiff's Motion to Compel Discovery did not address Interrogatory No. 1 because there was no indication from Plaintiff's pleadings that sought a supplementary response to that interrogatory.

## II.  Discussion

### A.  Plaintiff's Motion to Compel Discovery [58]

Local Civil Rule 5.2(b) provides: "Any motion concerning discovery matters shall be accompanied by a copy of, or shall set forth verbatim, the relevant portion of any nonfiled discovery materials to which the motion is addressed." In the context of a motion to compel, this requirement puts both opposing counsel and the Court on notice of the specific discovery

---

[2] At the hearing, the parties also presented argument regarding Defendant's Motion to Compel [67]. This Motion is not yet ripe, and therefore is not a subject of this Memorandum Order.

[3] Plaintiff did not specify in his Motion to Compel Discovery whether he was moving to compel answers to interrogatories, responses to document requests, or both. (*See* [58].) At the hearing, however, Plaintiff only expressed an interest in receiving supplementary responses to Interrogatories Nos. 1, 5, 10, and 13. Therefore the Court will not consider any of the document requests that Plaintiff appended as an exhibit to his Motion. Similarly, the Court will not consider any interrogatories other than those specified at the hearing.

requests that the party is moving to compel. If the moving party does not so specify, the responding party is placed at a disadvantage when it attempts to formulate its opposition. Discovery is not meant to be a guessing game, but rather an efficient and effective method of preparing a case for trial.

In this case, Plaintiff seeks "an Order compelling Defendant to supplement its discovery," but never sets forth the particular discovery requests that would be the subject of such an Order. (*See* [58] at 1-3.) Plaintiff attached his Final Set of Interrogatories [58-2] and Final Requests for Production of Documents [58-3] to his Motion, but did not indicate whether he was moving to compel all or merely some of these discovery requests. Finally, Plaintiff attached e-mail and regular mail correspondence between Plaintiff's counsel and defense counsel addressing the alleged deficiencies in Defendant's discovery responses. (*See* [58-5], [58-6], and [58-7].) In the final correspondence, dated January 4, 2008, Plaintiff indicated that his forthcoming Motion to Compel would address Interrogatories Nos. 3, 5, 7-11 and 13 as well as the corresponding document requests. (*See* [58-7].) Yet when he appeared before this Court at the hearing on February 21, Plaintiff's counsel represented that he was moving to compel answers to Interrogatories No. 1, 5, 10, and 13.

The Court recognizes that Defendant has been placed at a disadvantage. First, the January 4 letter did not give Defendant adequate notice that Interrogatory No. 1 was a subject of Plaintiff's Motion. Even though defense counsel cogently addressed the issue at the hearing, Defendant did not have an opportunity to address this issue in its written Opposition. Second, the January 4 letter notes that Interrogatories 3, 7-9 and 11 will also be subjects of the Motion to Compel and consequently Defendant devoted time to addressing these interrogatories in its

Opposition.  At the hearing, however, these interrogatories were conspicuously absent from Plaintiff's argument.

Faced with Plaintiff's failure to comply with Local Civil Rule 5.2(b) and in light of the purposes underlying that rule, the Court will deny Plaintiff's Motion to Compel Discovery without prejudice.  Within five days of this Memorandum Order, Plaintiff may re-file his motion with respect to the four interrogatories specifically addressed at the hearing - namely Interrogatories Nos. 1, 5, 10, and 13 - and Defendant will have an opportunity to submit an Opposition that is tailored to those discovery requests.[4]

B.  <u>Plaintiff's Motion to Compel Responses to Request for Admissions [61]</u>

Federal Rule of Civil Procedure 36 governs requests for admissions.  The Rule provides, in relevant part:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

FED. R. CIV. P. 36(a)(4).  Additionally, Rule 26 provides that a party who has responded to a request for admission must supplement or correct its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties

---

[4] The usual deadlines for filing Oppositions and Reply memoranda shall apply to this second round of briefing.

during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A).

In his Motion to Compel Responses to Request for Admissions, Plaintiff asserts that "Defendant's responses were inadequate since they were partially answered, for instance, most of the responses included the following: "*WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied.*" (Pl.'s Mot. to Compel Admissions [61] at 2 (emphasis in original).)[5] Although Plaintiff never sets forth the specific responses that suffer from this alleged deficiency, the Court has reviewed WMATA's Response to Requests for Admissions [61-3] and finds that Defendant responded in this manner to Requests for Admissions Nos. 11, 18, 24, 29-31, 42-44, 46, 47 and 63. At the hearing on February 21, defense counsel noted that there was some difficulty obtaining the information that was required before Defendant could respond to these Requests for Admissions, but that he was optimistic that he could obtain the information soon. Accordingly, defense counsel committed to responding to these requests by March 1, 2008.

Plaintiff has not demonstrated that Defendant acted in anything other than good faith when it indicated that it could not respond to the enumerated Requests for Admissions based on the information then available to it. Defense counsel is well aware of his ongoing duty to supplement his prior discovery responses, and has committed to supplementing Defendant's responses by March 1. In light of these facts, the Court sees no reason to reason to compel Defendant to take any action. Plaintiff's Motion will be denied without prejudice, with leave to

---

[5] By letter dated January 8, 2008, Plaintiff's counsel indicated that he also found Defendant's objection to Request for Admission No. 25 to be deficient and that Defendant's response to Request for Admission No. 53 was incomplete. Plaintiff did not set forth these alleged deficiencies in the body of his Motion to Compel and did not raise them at the hearing. Therefore the Court will not address them in its Memorandum Opinion.

re-file should Defendant fail to adequately respond to Requests for Admissions Nos. 11, 18, 24, 29-31, 42-44, 46, 47 and 63 by March 1, 2008.

### III. Conclusion

For the foregoing reasons, it is this 26th day of February, 2008, hereby

**ORDERED** that Plaintiff's Motion to Compel Discovery [58] is **denied without prejudice**. Plaintiff may re-file a Motion to Compel with respect to Interrogatories Nos. 1, 5, 10, and 13 within five days of this Memorandum Order; and it is further

**ORDERED** that Plaintiff's Motion to Compel Responses to Request for Admissions [61] is **denied without prejudice**. Plaintiff may re-file its Motion to Compel with respect to Requests for Admissions Nos. 11, 18, 24, 29-31, 42-44, 46, 47 and 63 should Defendant fail to adequately respond by March 1, 2008; and it is further

**ORDERED** that Plaintiff's request for sanctions and costs in connection with the filing of these Motions to Compel is **denied**.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE