**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**TAJ WILSON**

    **Plaintiff,**

vs.                           **CIVIL No: 05-2146   (GK)**

**WMATA**

    **Defendant.**

**PLAINTIFF'S
MOTION TO COMPEL DISCOVERY**

**NOW COMES** Taj Wilson, Plaintiff, by undersigned counsel and consistent with this Court's Order of February 26th, and re-files the subject of his motion to compel as follows:

1. Plaintiff initiated this civil action on November 2, 2005;

2. Discovery is currently scheduled to conclude March 3, 2008;

3. On or about November 14, 2007, Plaintiff propounded final discovery to Defendant that included both Interrogatories and Production of Document Requests;

4. On December 17, 2007, Defendant partially responded to Plaintiff's discovery as it failed to provide requested personnel information of employees similarly-situated to Plaintiff; specifically, inter alia, the responses did not include requested and relevant information necessary to compare Plaintiff to similarly-situated Metro Officers;

5. On December 18, 2007, undersigned counsel notified Defendant that its discovery was inadequate and that a motion to compel would be forthcoming if not supplemented:

"Counsel, I have reviewed defendant's responses to plaintiff's discovery provided yesterday. Let me emphatically clear, my preliminary review concludes the responses are inadequate and warrant supplementation. To that end, I will provide you with a summary of my concerns in writing by this Friday. In the event, however, defendant fails to supplement its discovery by next Friday, I will immediately file a motion to compel with the Court and ask for sanctions."

6. On December 20, 2007, opposing counsel requested a conference of the issues before Plaintiff proceeded with filing the motion to compel;

Counsel: I would like to discuss your concerns before you file a Motion to Compel and I look forward to receiving your summary of those concerns."

7. On December 26, 2007, undersigned forwarded Defendant a letter identifying the inadequacies in its discovery and ask for supplementation;

8. The letter also requested a conference call on January 28th to discuss Defendant's late and inadequate discovery responses;

9. On December 26, 2007, Defendant responded to undersigned's request for meet and confer, stating, inter alia, that he may not be available before January 2, 2008; Further, Defendant in effect refused to supplement its discovery responses;

10. On January 4, 2008, after Defendant failed to participate in a meet and confer, undersigned provided Defendant with specific information related to the need for supplementing discovery;

11. Notwithstanding undersigned's good faith efforts of attempting a resolution, Defendant has not supplemented it discovery.

## INTERROGATORIES

INTERROGATORY NO. 1: Please identify all persons employed as WMATA Metropolitan Officers as Plaintiff whom were charged, investigated and/or disciplined for violating Defendant's

policies, rules and/or regulations as follows:

  a. false statements

  b. being out of sector

  c. theft

  d. violation of oath

Defendant'sResponse:
   Objection. This Interrogatory is overly broad in time and scope, unduly burdensome to produce and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is ambiguous as to the meaning of the phrase "charged", and is not limited to matters involving the alleged discriminating officials in this case. Moreover, to the extent relevant, this request is redundant has been more than sufficiently answered by WMATA in its previous responses. See, Bate Stamp, 1242 - 3754.

INTERROGATORY NO. 5: Please identify internal discrimination complaints and/or administrative discrimination complaints (e.g., the EEOC, Prince George's County Human Relations Commission, District of Columbia Office of Human Rights, Fairfax County Commission on Human Relations) filed by and/or against Metropolitan Officers as follows:

  a. nature of the discrimination (race, gender, age, disability, etc.)

  b. nature of the complaint (promotion, hiring, disciplinary actions, etc.)

  c. the final disposition of the complaint

Defendant's Response:

> Objection. This request is overly broad in time and scope, unduly burdensome to produce and not reasonably calculated to lead to the discovery of admissible evidence. WMATA also objects to this request because there are no claims regarding disability discrimination or age or gender discrimination raised in the EEOC charge and therefore these bases of discrimination are not relevant to any claim arising in this matter. Similarly claims regarding promotions and hiring decisions are not relevant. Finally, WMATA objects because this request is not limited to employment discrimination claims involving WMATA personnel.

INTERROGATORY NO. 10:   Please identify all Metropolitan Officers whom were involved in automobile and/or motorcycle accidents or collisions as follows:

   a. identify the circumstances

   b. state the jurisdiction the incident occurred

   c. identify if whether or not the individual was charged and/or investigated

   d. identify if whether or not the individual was disciplined

   e. identify the investigator

   f. state the final disposition of the matter

Defendant's Response:

> Objection. This request is overly broad in time and scope, unduly burdensome to produce and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, to the extent relevant, this request is redundant and has been more than sufficiently answered by WMATA in its previous responses. See, Bate Stamp, 1242 - 3754.

INTERROGATORY NO. 13:     Please state if Defendant has ever received complaints from WMATA Metropolitan Officers regarding the use of racially derogatory terms in the workplace, roll call, off-site, training academy by a WMATA employee(s). If so, please identify by the following:

a. what were the circumstances of the alleged incident

b. name of the accused

c. name of the accuser

d. whether or not WMATA conducted an investigation of the incident

e. name the investigator and his or her training for investigation incidents of this nature

f. please state the final outcome or disposition of the matter

Defendant's Response:
Objection. This request is overly broad, unduly burdensome to produce and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, WMATA objects to this request because no claims of hostile work environment or other claims relevant to this issue were raised by the plaintiff in the EEOC charge. WMATA further objects to the inclusion of complaints regarding the training academy and "off-site." WMATA also objects to the coverage of issues arising while plaintiff was a police cadet at the Northern Virginia Criminal Justice Training Academy which is not subject to WMATA's control. WMATA contracts with other police forces for these services. WMATA objects to the phrase "off-site" as ambiguous and as embracing off-duty conduct not relevant to this matter.

```
                                        _____/s/_____
                                        Nathaniel D. Johnson (MD#14729)
                                        Richard L. Thompson (MD#15980)
                                        201 Centennial Street, A-2
                                        P.O. Box 1857
                                        LaPlata, Maryland 20602
                                        301 645-9103
```

Dated: March 3, 2008

## Certificate of Service

I, Nathaniel D. Johnson, certify that I forwarded the foregoing motion to the addressee via ECF:

David J. Shaffer, Associated Counsel
for Defendant, WMATA

```
                                        _____/s/_____
                                        Nathaniel D. Johnson
```