UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAJ WILSON<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br><br>    Defendant. | Civil Action No. 05-2146 (GK)(AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court are Defendant's Motion to Compel Discovery [67] and Plaintiff's Opposition [69].

**I.   Background**

Plaintiff Taj Wilson alleges that Defendant Washington Metropolitan Area Transit Authority ("WMATA") discriminated against him on the basis of race and gender, subjected him to a racially hostile work environment, and retaliated against him, all in violation of Title VII of the Civil Rights Act of 1964.  (*See* Second Am. Compl. [57].)  Plaintiff's discrimination claims stem from WMATA's decision to terminate Plaintiff's employment as a police officer with the Metro Transit Police Department in 2004.  (*Id*. ¶¶ 12, 18.)  WMATA asserts that Plaintiff was terminated for providing false statements during an internal investigation.  (*Id*.)  Plaintiff's

---

[1]  United States District Judge Gladys Kessler referred this case to the undersigned Magistrate Judge for discovery, pursuant to Local Civil Rule 72.2(a).  (*See* Order [62] dated 12/6/07.)

hostile work environment and retaliation claims stem from an incident that allegedly occurred in 2002 while Plaintiff was attending a training academy. (*Id.* ¶¶ 24, 30.)

Defendant filed the instant Motion to Compel on February 5, 2008 and the parties presented argument at a hearing on February 21, 2008. Defendant moves to compel responses to Interrogatories Nos. 12 and 13 of Defendant's Second Set of Interrogatories and Document Requests Nos. 9 and 12 of Defendant's Second Set of Request for Production of Documents. (Def.'s Mot. [67] at 1, 4; E-mail from Heppen to Johnson [67-5] at 8.)

## II.   Discussion

In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The scope of discovery under Rule 26 is broad; "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Once a party objects to a discovery request, "[t]he party moving to compel . . . bears the initial burden of explaining how the requested information is relevant." *Jewish War Veterans of the United States of America, Inc. v. Gates*, 506 F.Supp.2d 30, 42 (D.D.C. 2007). The burden then shifts to the non-moving party "to explain why discovery should not be permitted." *Id*. This burden shifting framework applies to both document requests and interrogatories. *Id.* (documents); *Alexander v. F.B.I.*, 192 F.R.D. 50, 53 (D.D.C. 2000) (interrogatories).

A. <u>Interrogatories</u>

Federal Rule of Civil Procedure 33(b)(1) provides: "Each interrogatory shall be answered separately and fully in writing under oath, unless objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." If a party to whom an interrogatory was propounded fails to answer, the Rules provide that "the discovering party may move for an order compelling an answer." FED. R. CIV. P. 37(a)(2)(B). An "evasive or incomplete" answer is treated as a failure to answer when determining whether the discovering party is permitted to file a motion to compel. FED. R. CIV. P. 37(a)(3). The party moving to compel discovery has the burden of proving that the opposing party's answers were incomplete. *Daiflon, Inc., v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976), *cited in U.S. ex rel. El-Amin v. George Washington Univ.*, No. 1:95-cv-2000, 2000 WL 1763679, at *1 (D.D.C. Nov. 27, 2000).

1. *Interrogatory No. 12*

This interrogatory asks Plaintiff to state whether he engaged in protected activity, as defined by 42 U.S.C. § 2000(e)(3)(a). (Second Set of Interrogs. [67-2] at 3.) Defendant further asks Plaintiff to "identify each such protected act, including the approximate date, the means by which [Plaintiff] engaged in the activity (oral or written expression), the person to whom this was directed, and the type of discrimination (i.e. race, national origin, age) which [Plaintiff was] opposing." (*Id.*) Plaintiff responded by describing what he considered to be "punishment for making a racial complaint" after an incident at the training academy. (Pl.'s Resps. to Second Set of Interrogs. at 3.) Defendant asserts that this interrogatory seeks information related to

3

Plaintiff's prima facie case of discrimination and that his answer is "incomplete and non-responsive." (Def.'s Mot. at 3, 4.)

Defendant has clearly met its burden of demonstrating that the information sought by Interrogatory No. 12 is relevant and that Plaintiff's answer is incomplete. Although Plaintiff's answer touches on the issue of protected activity and the details surrounding such activity, the Court agrees with Defendant that Plaintiff's "response is completely deficient as it neither identifies any specific, recognized form of protected activity in which he engaged, such as filing a charge of discrimination or writing a letter, nor does it identify specific adverse treatment plaintiff suffered." (Def.'s Mot. at 4.) The Court also notes that in his Opposition to Defendant's Motion, Plaintiff does not address the alleged deficiency in his response to Interrogatory No. 12 or otherwise suggest that further discovery on this issue should not be permitted. (*See* Pl.'s Opp'n [69].) Accordingly the Court will order Plaintiff to supplement his answer to this interrogatory.

      2.    *Interrogatory No. 13*

This interrogatory asks Plaintiff if he contends that he "suffered retaliation in the form of adverse treatment because [he] engaged in protected activity" and asks Plaintiff to provide the details of any such adverse treatment. (Second Set of Intererogs. at 3.) Plaintiff responded by directing Defendant to his response to Interrogatory No. 12. (Pl.'s Resps. to Second Set of Interrogs. at 3.) Not only is this answer deficient for the same reasons that Plaintiff's answer to Interrogatory No. 12 is deficient, but it is also an improper response because Rule 33 requires that each interrogatory be answered separately. Additionally, the Court notes that Plaintiff did

not address this Interrogatory in his Opposition. (*See* Pl.'s Opp'n.) Accordingly the Court will order Plaintiff to supplement his response to Interrogatory No. 13.

      B.     <u>Document Requests</u>

Federal Rule of Civil Procedure 34 governs requests for the production of documents. Rule 34(b)(2)(B) provides that for each document or category of documents sought, the responding party "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." If the responding "party fails to respond that inspection will be permitted - or fails to permit inspection - as requested by Rule 34," the party seeking disclosure may move for an order compelling production or inspection. FED. R. CIV. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure . . . must be treated as a failure to disclose" when determining whether a requesting party may file a motion to compel. FED. R. CIV. P. 37(a)(4). The party alleging the deficiency in document production and bringing the motion to compel bears the burden of proof. *El-Amin*, 2000 WL 1763679, at *1.

      1.     *Document Request No. 9*

Document Request No. 9 seeks "[a]ll documents submitted to, or received in connection with, any Equal Employment Opportunity Commission, WMATA Office of Civil Rights or state or District fair employment practice agency proceeding including, but not limited to, any charges of discrimination, statements of support of the charge and right-to-sue letter." (Pl.'s Resps. to Def.'s Doc. Reqs. [67-6] at 1.) Plaintiff responded by providing a copy of the Charge of Discrimination. (*Id.*; Pl.'s Opp'n at 1.) Plaintiff further represented at the hearing that there are

no additional documents that are responsive to this request. The Court cannot order Plaintiff to produce documents that do not exist, but will order him to state, in writing, whether he has produced all documents that are responsive to Document Request No. 9. If additional documents are in his possession, he must produce them.

        3.    *Document Request No. 12*

Document Request No. 12 seeks Plaintiff's "federal, state, and local tax returns from 2004 to the present." (Pl.'s Resps. to Def.'s Doc. Reqs. at 1-2.) Plaintiff responded that he would produce all such tax documents. (*Id*. at 2.) At the hearing, Plaintiff's counsel committed to providing Plaintiff's tax returns from 2004-2006 by March 1, 2008. The Court has no information about whether Plaintiff has, in fact, provided these documents. Accordingly the Court will deny Defendant's Motion with respect to Document Request No. 12 without prejudice and grant Defendant leave to re-file the Motion if Plaintiff did not produce his tax returns.

**III.**    <u>**Conclusion**</u>

For the foregoing reasons, it is this  4th   day of March, 2008, hereby

**ORDERED** that Defendant's Motion to Compel [67] is **granted** with respect to Interrogatories Nos. 12 and 13; and it is further

**ORDERED** that Defendant's Motion to Compel is **denied** with respect to Document Request No. 9. However, Plaintiff must state in writing whether he has any additional documents that are responsive to Document Request No. 12. If additional documents exist, Plaintiff must produce them; and it is further

**ORDERED** that Defendant's Motion to Compel is **denied** with respect to Document Request No. 12.

 

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE