IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAJ WILSON

    Plaintiff,

vs.   CIVIL No: 05-2146 (GK) (AK)

WMATA

    Defendant.

**PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL
RESPONSES TO REQUEST FOR ADMISSIONS**

**NOW COMES** Taj Wilson, Plaintiff, by undersigned counsel and consistent with this Court's Order on February 26th, and re-files his motion to compel as follows:

1. Plaintiff initiated Requests for Admissions.

2. However, Defendant's responses were inadequate:

11. Admit or Deny that Sergeant Snowden made no contact with Defendant prior to being contacted by Captain Heilman concerning the June 18, 2004 incident concerning Plaintiff.
RESPONSE:

    WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied.

18. Admit or Deny that Plaintiff informed Officer Adey that his girlfriend and personal vehicle were involved in the incident and he provided assistance in separating the group.
RESPONSE:

    WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied.

24. Admit or Deny that Plaintiff was not presented with any photographs of the August 15th

accident scene by his supervisor or any Defendant manager prior to his discipline for that incident.
RESPONSE:

> WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied.

29. Admit or Deny Defendant did not provide Plaintiff the results of his CVSA examination until after he initiated the current litigation.
RESPONSE:

> WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied.

30. Admit or Deny Plaintiff's CVSA results did not detect deception in questions pertaining to an oncoming vehicle.
RESPONSE:

> WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied.

31. Admit or Deny that the on board computer in Plaintiff's cruiser was inconclusive regarding whether or not he wore a seat belt at the time of impact in the incident that occurred on August 15th.
RESPONSE:

> WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied.

42. Admit or Deny that Officer Williams' was charged with falsifying run sheets and failure to make entries of Sector two runs for the incident that occurred on September 13, 2003.
RESPONSE:

> WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied.

43.     Admit or Deny that Officer Williams' was permitted by the investigator, Timothy Mallory to supplement the response to his report regarding the incident of September 13, 2003.
RESPONSE:

WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied.

44.     Admit or Deny that Officer Williams' second report or modified response was different than his initial report or response to the incident of September 13, 2003.
RESPONSE:

WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied.

46.     Admit or Deny that Officer Williams had prior offenses that included, amongst other things, charges for lying.
RESPONSE:

WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied.

47.     Admit or Deny that Officer Williams had prior offenses that included, amongst other things, charges for falsifying reports.
RESPONSE:

WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied.

63.     Admit or Deny that Officer Steven Smith's race is white and he was assigned to work in WMATA's headquarters while he was under investigation for making a racially offensive joke or comment to an individual.
RESPONSE:

WMATA is unable to respond because based upon the information presently available to it, it cannot admit or deny this assertion and therefore it is denied.

## ARGUMENT

Throughout the instant litigation, Plaintiff has had to repeatedly file motions to compel Defendant to supplement its discovery resulting in delay and unnecessary costs. See Docket Nos. 20, 25 and 58. In effect, Defendant has shown a pattern of delay and dilatory in responding to Plaintiff's discovery requests. This tactic, has demanded persistence and attorney fees from Plaintiff and his legal representatives.

Federal Rules of Civil Procedure Rule 37(a) (4) (A), entitles a party to sanctions and costs for failure to cooperate in discovery.  Under Rule 37, the district court has broad discretion to impose sanctions for discovery violations. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43, 96 S.Ct. 2778, 2780-81, 49 L.Ed.2d 747 (1976) (per curiam).

Here, in the instant action, Plaintiff's efforts to move this litigation forward with discovery are being frustrated by the actions of the Defendant and warrant sanctions and costs.   (See <u>Green v. District of Columbia</u> 134 F.R.D. 1 D.D.C.,1991.)   Plaintiff initially propounded discovery upon Defendant more than two (2) months ago, and Plaintiff has provided Defendant several opportunities to supplement its inadequate responses.

**CONCLUSION**

For these reasons, Plaintiff asks that this Court grant his motion for an Order compelling Defendant to supplement its discovery and award sanctions and costs.

Respectfully requests a hearing on this matter:

_____/s/_____
Nathaniel D. Johnson (MD#14729)
Richard L. Thompson (MD#15980)
201 Centennial Street #A-2
LaPlata, Maryland 20646
301 645-9103

ate: March 16, 2008

**Certificate of Service**

I, Nathaniel D. Johnson, certify that I forwarded the foregoing motion and Order to the addressee via ECF:

David J. Shaffer, Associated Counsel
for Defendant, WMATA

_____/s/_____
Nathaniel D. Johnson