IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAJ WILSON, | |
| Plaintiff | Civil Action 05-2146 (GK)(AK) |
| v. | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | |
| Defendant. | |

## WMATA'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

In response to this Court's Order of February 26, 2008, plaintiff has renewed his Motion to Compel Answers to Interrogatories Nos. 1, 5, 10 and 13. As ordered by the Court, he has set forth the Interrogatories in full in his Motion. That is all he has done, however. The Court previously ruled that his failure to do so violated the text and spirit of the rules by failing to place Defendant on notice of the subject matter of his Motion. The instant Motion does little better. WMATA now knows that Plaintiff is seeking to compel further answers to Interrogatories Nos. 1,5, 10 and 13. That is all WMATA knows. The bases for Plaintiff's belief that WMATA's objections are improper is still unknown, and the Motion on its face illustrates the problems with the incredibly over broad and unlimited nature of these interrogatories.

WMATA objected to Interrogatory No. 1 on the grounds that it applies to "all persons employed as WMATA's Metropolitan officers" without regard to time or scope. WMATA responded in a perfectly acceptable manner, nonetheless, by specifying the

1

documents from which this information may be obtained by Bates number. Such a response is exactly that contemplated by Rule 33(d):

> When the answer to an interrogatory may be derived or ascertained from the business records of the party upon which the interrogatory has been served . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. . ..

Fed. R. Civ. P. 33(d). WMATA has produced over 2500 pages of documents relevant to "comparators" to plaintiff; it should not have to do plaintiff's work and review and summarize those documents for him.

WMATA objected to Interrogatory No. 5, which asks for all complaints of discrimination ever filed against WMATA on any basis forever. Plaintiff has not engaged in any good faith effort to narrow this Interrogatory to race or termination or to the Metro Transit Police Department within the time period plaintiff was employed. Plaintiff's Motion has absolutely no discussion as to how claims of other employees other than race and termination claims of MTPD officers is reasonably calculated to lead to the discovery of relevant evident. Indeed, the U.S. Supreme Court held just three weeks ago that complaints of discrimination outside plaintiff's chain of command were properly found inadmissible by the district court. See Sprint/United Management Co. v. Mendelsohn, 2008 U.S. LEXIS 2195, No. 06-1221 (U.S. Sup. Ct. February 26, 2008). See also Aramburu v. Boeing Co., 112 F.3d 1398 (10th Cir. 1997). It is plaintiff's burden to demonstrate relevancy, and his Motion is conspicuously absent of such argument or evidence. The party moving to compel discovery has the burden of

proving that the opposing party's answers were incomplete. Daiflon, Inc., v. Allied Chem. Corp., 534 F.2d 221, 227 (10th Cir. 1976), cited in U.S. ex rel. El-Amin v. George Washington Univ., No. 1:95-cv-2000, 2000 WL 1763679, at *1 (D.D.C. Nov. 27, 2000).

WMATA objected to Interrogatory No. 10 again on grounds of breadth and scope. It is difficult to see how WMATA can respond, without limitation as to time, a request to identify all MTPD officers who were involved in accidents. To the extent that officers were disciplined for such accidents within a relevant time period WMATA responded under Rule 33(d), as set forth above. Plaintiff has not demonstrated why WMATA's document production is insufficient; indeed, he has conspicuously failed to move to compel as to any of WMATA's responses to his document requests.

WMATA objected to Interrogatory No. 13 again, on breadth and scope, but responded that "no claims of hostile work environment or other claims relevant to this issue were raised of hostile work environment or other claims relevant to this issue were raised by the plaintiff in the EEOC Charge." The scope of this case must be limited to those allegations contained within the EEOC Charge. Although plaintiff has amended his complaint to allege these claims, they are not properly before the Court. In Parks v. Howard University, 71 F. 3d 904 (D.C. Cir. 1995) the D.C. Circuit held that plaintiff could not raise claims of a sexually hostile work environment before the Court when her Charge before the EEOC alleged only sex discrimination. Plaintiff's EEOC Charge is attached hereto as Exhibit A – it fails to allege hostile work environment. In any event, WMATA has had no formal complaints of a racially hostile work environment in the MTPD for the period in which plaintiff was employed. Under Sprint/United

<u>Management</u>, that is a sufficient response.

For the reasons set forth above, plaintiffs Motion should be DENIED, with PREJUDICE.

                                  Respectfully submitted

                                  Bruce P. Heppen #252171
                                  Deputy General Counsel

                                  _____/s/_____
                                  David J. Shaffer #413484
                                  Assistant General Counsel
                                  WMATA
                                  600 Fifth St., N.W.
                                  Washington, D.C. 20001
                                  (202) 962-2820
                                  Dshaffer@wmata.com
                                  Attorneys for Defendant WMATA