UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAJ WILSON<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br><br>    Defendant. | Civil Action No. 05-2146 (GK)(AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court are Plaintiff's Motion to Compel Discovery [71] and Defendant's Opposition [74].

**I.   Background**

Plaintiff Taj Wilson alleges that Defendant Washington Metropolitan Area Transit Authority ("WMATA") discriminated against him on the basis of race and gender, subjected him to a racially hostile work environment, and retaliated against him, all in violation of Title VII of the Civil Rights Act of 1964.  (*See* Second Am. Compl. [57].)  Plaintiff's discrimination claims stem from WMATA's decision to terminate Plaintiff's employment as a police officer with the Metro Transit Police Department in 2004.  (*Id*. ¶¶ 12, 18.)  WMATA asserts that Plaintiff was terminated for providing false statements during an internal investigation.  (*Id*.)  Plaintiff's

---

[1] United States District Judge Gladys Kessler referred this case to the undersigned Magistrate Judge for discovery, pursuant to Local Civil Rule 72.2(a).  (*See* Order [62] dated 12/6/07.)

1

hostile work environment and retaliation claims stem from an incident that allegedly occurred in 2002 while Plaintiff was attending a training academy. (*Id*. ¶¶ 24, 30.)

Plaintiff initially filed his Motion to Compel Discovery [58] on January 8, 2008. After holding a hearing on the matter on February 21, 2008, this Court denied Plaintiff's Motion without prejudice for failure to comply with Local Civil Rule 5.2(b) and granted Plaintiff leave to re-file with respect to Interrogatories Nos. 1, 5, 10, and 13. (*Id*. at 4, 6.) Plaintiff re-filed his Motion to Compel Discovery on March 3, 2008. (*See* Pl.'s Mot. to Compel Discovery [71] ("Pl.'s Mot.").) The Motion included the text of the interrogatories and Defendant's responses thereto, but did not include any argument in support of the relief that Plaintiff seeks. (*See id.*)

**II.     Discussion**

The party moving to compel discovery "bears the initial burden of explaining how the requested information is relevant." *Jewish War Veterans of the United States of America, Inc. v. Gates*, 506 F.Supp.2d 30, 42 (D.D.C. 2007). The burden then shifts to the non-moving party "to explain why discovery should not be permitted." *Id*. This burden shifting framework applies to motions to compel answers to interrogatories. *Alexander v. F.B.I.*, 192 F.R.D. 50, 53 (D.D.C. 2000). While Plaintiff's Motion to Compel Discovery does not include a discussion of how the requested information is relevant, Plaintiff provided argument on the issue of relevance at the February 21, 2008 hearing.

A.    <u>Interrogatory No. 1</u>

Interrogatory No. 1 seeks the identities of WMATA Metropolitan Officers who were charged, investigated and/or disciplined for the following violations: (a) false statements, (b) being out of sector, (c) theft, or (d) violation of oath. (Pl.'s Mot. at 2-3.) Defendant objected to this interrogatory on grounds of relevance, overbreadth, and ambiguity. (*Id*. at 3.) Defendant also asserted that documents bearing Bates Stamps 1242-3754 address this request. (*Id*.)

At the hearing, Plaintiff claimed that Interrogatory No. 1 properly seeks information relating to Plaintiff's comparators as well as similarly situated individuals outside of Plaintiff's protected class. While Plaintiff is entitled to information about comparators and similarly situated individuals, Defendant is correct in asserting that this request is overbroad. Plaintiff was disciplined for giving false statements; he was not disciplined for being out of sector or for theft or for violation of oath. Moreover, this request is overbroad because it seeks information from 2000 until the present. (Pl.'s Interrogs. [58-2] at 3.)

Having found that at least part of Plaintiff's interrogatory is reasonably calculated to lead to the discovery of admissible evidence, the Court will order Defendant to supplement its response. Defendant shall provide information about WMATA Metropolitan Officers who were charged, investigated and/or disciplined for providing false statements between January 1, 2003 and December 31, 2005. However, Defendant need not provide any additional response to the extent that it would be duplicative of information contained in documents that Defendant has already produced to Plaintiff.

B.    <u>Interrogatory No. 5</u>

This interrogatory seeks information relating to internal and administrative discrimination complaints filed by and/or against Metropolitan Officers. (Pl.'s Mot. at 3.) Plaintiff seeks information about complaints of discrimination on the basis of "race, gender, age, disability, etc.," and complaints that relate to "promotion, hiring, disciplinary actions, etc." (*Id*.) Defendant objected, arguing that the request sought information about types of discrimination complaints that are not relevant to Plaintiff's claims. (*Id*. at 4.) At the hearing, Plaintiff conceded that complaints of discrimination on the basis of age would not be relevant to Plaintiff's claims.

Plaintiff alleges that he was discriminated on the basis of race and gender when he was terminated from his employment. (Second. Am. Compl. ¶¶ 14, 20.) Therefore complaints of discrimination on other bases (e.g. disability, age) and complaints that allege other forms of discriminatory action (e.g. failure to promote or hire) are not relevant to this action. Accordingly, the Court will order Defendant to provide information about complaints of discrimination filed between January 1, 2003 and December 31, 2005 by and/or against Metropolitan Officers that (1) allege discrimination on the basis of race and/or gender and (2) relate to an employee's termination.

C.    <u>Interrogatory No. 10</u>

Interrogatory No. 10 seeks information about Metropolitan Officers who were involved in automobile and/or motorcycle collisions. (Pl.'s Mot. at 4.) Defendant objected to this interrogatory on grounds of relevance and overbreadth. (*Id*.) Defendant also asserted that documents bearing Bates Stamps 1242-3754 address this request. (*Id*.) The Court agrees with

Defendant that this request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not allege that he was terminated on account of his automobile accident. Therefore Plaintiff's Motion is denied with respect to this interrogatory.

    D.    <u>Interrogatory No. 13</u>

This interrogatory seeks information about "complaints from WMATA Metropolitan Officers regarding the use of racially derogatory terms in the workplace, roll call, off-site, training academy by a WMATA employees(s)." (Pl.'s Mot. at 5.) Defendant objected on various grounds, but represented in its Opposition that "WMATA has had no formal complaints of a racially hostile work environment in the MTPD for the period in which plaintiff was employed." (Def.'s Opp'n [74] at 3.) The Court finds that this is sufficiently responsive to Interrogatory No. 13, but will order Defendant to certify in writing that it does not know of any such complaints.

**III.**    <u>Conclusion</u>

For the foregoing reasons, it is this  31st  day of March, 2008, hereby

**ORDERED** that Plaintiff's Motion to Compel Discovery [71] is **granted-in-part and denied-in-part**; and it is further

**ORDERED** that Defendant supplement its responses to Interrogatories No. 1, 5, and 13, in accordance with the limitations set forth herein, within ten days of this Memorandum Opinion.

    /s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE